Decided 9 January, 1906.

## QUACKENBUSH v. ARTESIAN LAND CO.

83 Pac. 787.

Effect of Stipulation on Parties Not Signing.

1. A stipulation is binding on only the parties who sign it, and parties to the litigation who do not assent thereto are not precluded by its terms.

Mechanics' Liens — Agency of Contractor for Owner.

2. Section 5640, B. & C. Comp., making a contractor for a building or improvement the agent of the owner, creates an agency to bind such owner and his property included in the contract for the reasonable value of materials used and labor employed on the work, but it does not create an agency to determine the value of such materials or labor.

From Malheur: George E. Davis, Judge.

Suit by Quackenbush & Burroughs to foreclose a lien on an irrigating canal for its construction. There was a decree for plaintiffs.                    REVERSED.

For appellants there was a brief over the names of *A. N. Soliss and Richards & Haga*, with an oral argument by *Mr. Oliver O. Haga.*

For respondents there was a brief over the name of *John W. McCulloch.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

The defendant the Artesian Springs Water & Land Co. is the owner of a ditch or canal and water right in Malheur County. In 1902 it entered into a contract with the defendants Hoskins & Harkins for the construction of such ditch or canal. Hoskins & Harkins sublet a portion of the work to plaintiffs, and, failing to pay for the work done by them, plaintiffs filed a lien upon the ditch and water right, and subsequently brought this suit to foreclose it. In their complaint they allege that they were to receive a certain rate per cubic yard for removing earth and a certain rate per cubic yard for removing material that could not be removed without breaking or blasting; that they removed a certain quantity of dirt and a certain amount of other material; that the aggregate value of the work so performed by them, according to the contract price, was $2,788.63, no part of which has been paid, except the sum of $945.90. The defendant the Artesian Springs Water & Land Co. and the defendants Hoskins & Harkins answered separately. The water and land company admitted making a contract with Hoskins & Harkins for the construction of the ditch, but put in issue the amount and value of the work performed by the plaintiffs, and the validity of their alleged lien. Hoskins & Harkins admitted that the water and land company is the owner of the ditch and water right, and that they entered into a contract with the plain-

tiffs to perform a part of the work, but put in issue the amount of work performed by them, the price to be paid therefor, the payments made, the amount due and the validity of their lien. Issue was joined on the answers by replies, and the cause referred for the purpose of taking testimony.

Before any testimony was taken a stipulation was entered into between the plaintiffs and the defendants Hoskins & Harkins whereby it was agreed that the question in dispute, as to the amount, character and classification of the work performed, should be submitted to an arbitrator, who should by measurement on the ground ascertain and estimate the cost of the work done by the plaintiffs at a certain price agreed upon by the parties; that the amount so found by the arbitrator should be a final and conclusive determination of the amount due from the defendants to plaintiffs, for which they should have a lien upon the ditch and water right; and that such lien should be foreclosed and the property sold to satisfy the same. The report of the arbitrator was unsatisfactory to the plaintiffs, and upon their motion it was amended by the court and a decree rendered in their favor, adjudging that they had a valid lien on the ditch and water right of the water and land company for the amount appearing to be due them from the report as so amended, and foreclosing the same. From this decree the water and land company appeals, on the ground that it was not a party to the stipulation and agreement for arbitration or bound by the report of the arbitrator, and that such report formed no basis for a decree for the sale of its property.

The decree against the water and land company was, in our opinion, erroneous. It is admittedly the owner of the property ordered to be sold to satisfy the plaintiffs' claim. It had by its answer put in issue the amount and

character of the work done by the plaintiffs, the value thereof, and the validity of plaintiffs' lien. Upon these questions it had a right to be heard, and was not bound by the stipulation entered into between the plaintiffs and the defendants Hoskins & Harkins. The stipulation on its face recites that it is entered into between "the plaintiffs by themselves and J. W. McCulloch, their attorney, and the defendants Hoskins & Harkins by themselves and by Soliss and Bryan, their attorneys." It does not purport to have been made on behalf of the water and land company, and it was not bound thereby, although it was represented in the suit by the same attorneys who appeared for its codefendants and signed the stipulation as such.

2. The statute makes every contractor and subcontractor having charge of the construction of any building, wharf, bridge, ditch, etc., the agent of the owner for the purpose of binding the property with a lien for the reasonable value of materials furnished to be used in or labor performed upon such improvement at the request of the former: B. & C. Comp. § 5640; *Fitch* v. *Howitt*, 32 Or. 396 (52 Pac. 192); *Cooper Mfg. Co.* v. *Delahunt*, 36 Or. 402 (51 Pac. 649, 60 Pac. 1); but it does not make him an agent of the owner with power to determine the value of the materials furnished or labor performed. Upon this question the owner is entitled to be heard when it is sought to enforce a lien against his property.

For these reasons, the judgment will be reversed, and the cause remanded to the court below for such further proceedings as may be proper, not inconsistent with this opinion.                                        Reversed.