Argued September 5, affirmed September 11, rehearing denied October 3, 1917.

## ALLEN *v.* THE PEOPLE'S AMUSEMENT CO.

### (167 Pac. 272.)

**Pleading—Demurrer—Misjoinder—Contract and Tort.**

1. A complaint, pleading separately (1) an alleged breach of contract arising out of the purchase of tickets to a theater, and (2) removal to the lobby by the use of force and violence, was demurrable in view of Section 68, L. O. L., making a demurrer the method of attacking a misjoinder of causes of action.

From Multnomah: George N. Davis, Judge.

Action by William D. Allen against The People's Amusement Company, a corporation, in which a demurrer to the complaint was sustained and plaintiff refusing to amend, judgment was rendered dismissing the action and plaintiff appeals. Affirmed.

Department 1. Statement by MR. JUSTICE BENSON.

This is an action wherein plaintiff seeks to recover damages by reason of the fact that after having purchased tickets of general admission to defendant's playhouse he and his wife, who were colored people, were not permitted to occupy seats on the ground floor, but were directed to seat themselves in the gallery. When they refused to do so, it is alleged that they were removed to the lobby of the theater by the use of force

and violence. The complaint sets out two causes of action, pleaded separately, the first being based upon the alleged breach of the contract arising out of the purchase of the tickets; and the second is founded upon assault and battery. Defendant demurred to the complaint upon the ground that several causes of action are improperly united. The demurrer having been sustained, plaintiff declined to plead further and a judgment was entered dismissing the action. Plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. McCants Stewart.*

For respondent there was a brief over the name of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. D. Solis Cohen.*

MR. JUSTICE BENSON delivered the opinion of the court.

Plaintiff's counsel in a very able and interesting argument discusses many questions which are not before us. If the demurrer was properly sustained it is neither necessary nor proper for us to go further than to so declare. By Section 68, L. O. L., a demurrer is made the method of attacking a misjoinder of causes of action. The complaint contains a demand for relief based upon a breach of contract, and another upon assault and battery which is, of course, a tort. In *Smith* v. *Day,* 39 Or. 531, 537 (65 Pac. 1055), Mr. Justice WOLVERTON says:

"It is so well settled that an action on contract cannot be united with one arising *ex delicto* that it does not require a citation of authorities to support the proposition."

The demurrer was properly sustained and the judgment is affirmed.                                        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

---

Rehearing denied October 3, 1917.

PETITION FOR REHEARING.

(167 Pac. 272.)

On petition for rehearing.   Rehearing denied.

*Mr. McCants Stewart,* for the petition.

*Messrs. Bernstein & Cohen, contra.*

Department 1.   MR. JUSTICE BENSON delivered the opinion of the court.

Plaintiff urges a rehearing in this case because the opinion does not discuss the action of the trial court in striking out portions of the complaint before sustaining the demurrer.   We have held that the demurrer was properly sustained and have affirmed the judgment.   This constitutes a final disposition of the case and any comments which we might now make would be *mere dicta* and not of controlling force.   Many interesting questions are discussed in the briefs which in a proper case will be considered by this court, but there is nothing in the record before us to justify a rehearing and it is therefore denied.

REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.