Argued June 29, reversed and remanded July 29, rehearing denied
October 3, 1922.

# FELDSCHAU *v.* CLATSOP CO.

### (208 Pac. 764.)

**Highways—Contractor Who Did not Complete Contract Could Recover for Work Done at Contract Rates, Less Damage Sustained by County.**

1. Where road contractor failed to complete his contract with
the county and the county itself took over the work, the contractor
could recover at the contract rates for the work he had done, less
any damages the county sustained by reason of his failure to complete the contract.

**Work and Labor—Rule as to Recovery for Part Performance of Benefit to and Accepted by Adverse Party Stated.**

2. Where the contract and the consideration are both entire, and
no price is stipulated for anything less than complete performance,
and there has been a part performance by one party of benefit to
and accepted by the other party, the first party may first recover on
a *quantum meruit* for the part performed, less such damages as the
other party may have sustained by reason of its failure to complete
performance, but where the contract stipulates the rates payable for
the work done, the amount recoverable is restricted to such rates.

**Work and Labor—Contractor, Compelled to Perform Services Outside of Contract, may Recover Therefor on Quantum Meruit.**

3. Where a contractor has been compelled to perform services
outside of his contract not within the contemplation of the parties,
and there is no provision in the contract stipulating the amount to
be paid for such services, he may recover on a *quantum meruit*.

**Highways—Contractor, Excused from Full Performance by Acts of Owner, may Recover for Services Rendered or Sue for Damages on the Contract.**

4. Where a road contractor has only partly performed his contract with the county and has been excused from further performance by prevention or by the repudiation or abandonment of the
contract by the county, he may recover at the contract rates the
value of the services rendered, or bring action on the contract for
damages.

**Evidence—Every Person Presumed to Act Honestly and in Good Faith.**

5. The law presumes that every person acts honestly and in good
faith.

---

1. Right of contractor to recover from municipality the value of
a public improvement where he fails to comply with contract, see
note in **Ann. Cas.** 1912D, 419.

Highways—Allegations Held not to Excuse Contractor from Completing Contract.

6. Allegations that road contractor was prevented from performing contract by county authorities' refusal to permit him to work on one part of the road before completion of other part thereof, where the authorities were authorized to so do by the contract, *held* not to excuse completion of contract by the contractor, notwithstanding allegation that the authorities acted arbitrarily in the absence of allegations of the facts sufficient if established by proof to overcome the presumption that the authorities acted in good faith.

Appeal and Error—Insufficiency of Complaint Held Available on Appeal Notwithstanding Absence of Demurrer.

7. Where defendant moved for a judgment of nonsuit at the close of plaintiff's testimony and moved for a directed verdict at the close of the taking of testimony, and reserved an exception to instruction that a verdict could be rendered for plaintiff on *quantum meruit*, the insufficiency of the complaint to entitle plaintiff to recover on *quantum meruit*, was available to defendant on appeal, notwithstanding absence of demurrer to complaint.

From Washington: GEORGE R. BAGLEY, Judge.

Department 1.

REVERSED AND REMANDED. REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. G. C. & A. C. Fulton, Mr. Edw. C. Judd* and *Mr. J. J. Barrett*, District Attorney, with an oral argument by *Mr. G. C. Fulton*.

For respondent there was a brief over the name of *Mr. W. K. Keller,* with oral arguments by *Mr. Sidney Teiser* and *Mr. W. G. Hare.*

RAND, J.—The plaintiff seeks to recover the reasonable value of services performed in constructing a county road for the defendant county. From the allegations of the complaint, it appears that on February 13, 1917, the plaintiff entered into a written contract with the defendant county whereby he undertook, for certain prices or rates stipulated in the contract, to clear, grub, grade and drain approx-

imately four miles of road. A copy of the contract *in haec verba* was attached to the complaint, and by reference contained therein was made a part thereof. Under the contract the plaintiff was required to make complete performance not later than July 15, 1917.

The complaint, in effect, admits that the plaintiff has not made complete performance of his contract, and that he abandoned work thereunder some time subsequent to July 15, 1917. It also admits that the plaintiff has been paid under the contract the sum of $7,974.97, and contains no allegation that the county ever failed or refused to pay any sum or amount for anything done by him under the contract, and if the plaintiff has been paid under the contract the sum of which he has not been paid, the complaint fails to allege that fact. The plaintiff contracted to perform, for the prices stipulated in the contract, the services for which he is now seeking to recover the reasonable value, and it is admitted that he has been paid for such services in conformity to the rates and prices so stipulated, the sum of $7,974.97. The county was compelled to take over and complete the work which the plaintiff, by his contract, undertook to do but failed to perform.

1. The first contention is, that the complaint fails to state facts sufficient to constitute a cause of action against the defendant county. The plaintiff having failed to make complete performance, and the defendant county having taken over the work, the rule of law applicable in such case is stated in 13 C. J., p. 694, as follows:

"Where a contractor fails to complete his contract in time and the work is taken out of his hands, he or his assignee may recover at contract rates for what has been done, less any damages defendant may have sustained by reason of the contractor's failure to

make complete performance. In such case the contract furnishes the true measure of recovery on the part of plaintiff. He can never recover more than the amount stipulated, but he may recover less, for defendant is entitled to set off whatever damage he may have sustained by reason of plaintiff's failure fully to perform the contract.''

The rule that the plaintiff is entitled to recover the contract rates for the work done under the contract, less any damages the defendant may have sustained by reason of plaintiff's failure completely to perform the contract is sustained in the following cases: *Howell* v. *Medler,* 41 Mich. 641, 643 (2 N. W. 911); *Globe Light etc. Co.* v. *Doud,* 47 Mo. App. 439, 446, and other cases cited in the footnotes to the paragraph just quoted from Corpus Juris.

In *Hayden* v. *City of Astoria,* 84 Or. 205, 212 (164 Pac. 729), this court, speaking through Mr. Justice McCAMANT, said: "In so far as the work conforms to the contract in character and in the conditions under which it is done, the contract price will govern." We think that the rule was correctly stated by the court in that case, and that it must control our decision in this case.

It was not disputed on the trial that the plaintiff would have earned in all the sum of $20,949.42 if he had completely performed his contract. The complaint admits that he has already been paid thereon the sum of $7,974.97. The jury returned a verdict for the plaintiff in the sum of $21,614.86, which added to the amount he had already been paid, amounts to $29,589.83. If the judgment appealed from should be affirmed, the plaintiff, although he has performed but a small part of his contract, would receive for his part performance $8,640.41 more than he would have received for complete performance. It also appears

that the defendant county has paid out to plaintiff and to others for the performance of the work which plaintiff contracted to do, the sum of $26,316.39, which added to the amount of the verdict amounts to $47,931.25, which sum the county will be compelled to pay for work which the plaintiff contracted to do for $20,949.42, and will result in a total net loss to the county of $26,981.83, caused wholly by the failure of plaintiff to perform his contract.

2. Where the contract and the consideration are both entire, and no price is stipulated in the contract to be paid for anything less than complete performance, and there has been a part performance by one party to the contract which has been of benefit to and has been accepted by the other, the rule in this state is that the party who has partly performed his contract is entitled to recover on *quantum meruit* for the part performed, less such damages as the other party may have sustained by reason of his failure to complete performance. But where the contract stipulates the rates and prices to be paid for that which has been done under the contract, then the right of such party to recover for part performance is limited and restricted to the rates and prices fixed by the contract. In the first instance the party is permitted to recover on *quantum meruit* for the reason that in the nature of things there can be no other measure of recovery than that of reasonable value; while in the latter case, the parties are and should be bound by the rates and prices which they themselves have agreed should be paid therefor.

3. Where a contractor has been compelled to perform services outside of his contract, and not within the contemplation of the parties at the time the contract was entered into, if there is no provision in the

105 Or.—16

contract stipulating the amount that he should be paid for such services, he is entitled to recover on *quantum meruit.* If services of that character were performed by the plaintiff, the only reference contained in the complaint is that found in the following allegation:

"That he [plaintiff] was not then permitted to work upon said portion of the road until said County of Clatsop had required him to do considerable work outside of the contract in excavating and grading private roads, and in tearing up old macadam, and in wasting excavation over side slopes, and when said plaintiff was directed to work upon the north portion of the said roadway, to-wit, in said tide-land aforesaid, he was required to do work otherwise than provided in said contract and said plans and specifications, by lowering the road below grade and wasting the excavation thus made through a hole in a bridge, which method of wasting said excavation was difficult and expensive."

If the indirect and involved allegation quoted above is a sufficient allegation to entitle the plaintiff to recover any sum on *quantum meruit,* there is no allegation in the complaint that the plaintiff has not already been paid in full for such work. With this exception the complaint contains no allegation, which, if sustained by proof, would entitle the plaintiff to recover any sum whatever from the defendant county on *quantum meruit.*

The complaint attempts to allege a state of facts excusing the plaintiff from the further performance of his contract. It is alleged that the order in which he was required to work under the contract was different from that outlined in the contract under the heading "Probable Order of Work." It is also alleged that a portion of the work, on account of rains, was difficult, and another portion was not difficult to

perform, and that he was compelled to work upon the difficult parts of the work when he could have worked to better advantage, under his contract, elsewhere. It is also alleged that on June 19, 1917, six teams and drivers employed by him were taken from his control and put under the control of the county, where they were kept at work for him on "force account" until the twenty-fourth day of August, 1917. The plaintiff also complains that he was compelled to take material for fills and embankments from an inconvenient borrow pit. His principal contention, however, is alleged as follows:

"That on and after the twelfth day of June, 1917, said plaintiff, in the prosecution of said work, had a force capable of removing not less than 500 cubic yards of excavation per eight hour day, but was prevented from time to time from doing so by the arbitrary requirements of the said county in forcing him to remain in the south portion of the roadway, and preventing him from going to the north portion of said roadway; that teams, men and equipment were repeatedly idle, and that said county of Clatsop arbitrarily required the said plaintiff to obtain and provide more equipment, more men and more teams than were necessary in the prosecution of the work, and then arbitrarily refused to permit him to use said men, teams and equipment where they could have been advantageously and properly used."

It is also alleged that part of the road designated as "Tide Land Flat" on account of the "soggy condition" of the ground, was difficult to fill during the rainy months of March, April and May, and that this difficulty was "materially increased by the arbitrary requirement of the county of Clatsop outside of the contract between the parties that the said 'Tide Land Flat' should be filled in courses of one foot each," and alleges that "as soon as one layer of the fill was

placed, the rains and tides would wash a part of it off, and wagons passing over it would become stuck and mired therein."

As to this last contention, the contract provides that:

"Embankments shall be formed of suitable material and carried up full width in layers not to exceed one foot in thickness, and the teams shall be made to travel as evenly as possible over the whole surface of each layer, both going and coming."

Plaintiff also alleges that the acts above referred to were "arbitrary, deliberate and vexatious, and said acts and demands individually and collectively were calculated and intended to, and did constitute an abandonment by the said county of Clatsop of its contract with said plaintiff," and "that by reason of the acts and doings of defendant as set forth herein said defendant made it impossible, and intended to make it impossible for plaintiff to carry out his contract, and thereby defendant abrogated and abandoned its contract, notwithstanding said plaintiff was ready, willing and able to comply with the same."

4. Where the plaintiff has only partly performed, and has been excused from further performance by prevention, or by the repudiation or abandonment of the contract by the defendant, he may recover at the contract rates, the value of the services rendered, or he has his action on the contract for damages: See 3 Williston on Contracts, § 1459.

An examination of the contract discloses that the acts complained of were each and all within the authority conferred upon the county officials by the express provisions of plaintiff's contract, to which he assented when he executed the contract. The county clearly was acting within its rights in insisting upon

plaintiff's performance of the contract in accordance with its terms. In the light of the fact that a considerable community in Clatsop County was wholly dependent for communication with outside points upon this road being kept open, the public necessity and convenience required that the power to do the acts above referred to should not only be lodged in, but should be exercised by the officers of the county during the time the road was under construction. The stipulations of the contract reserving to the county the authority to do these very things entered into, and became a part of the consideration of the contract, without which the county would not have entered into the contract.

5, 6. As long as the officials of the defendant county, in doing the acts complained of, were acting in good faith under the authority conferred by the contract, and were exercising an honest judgment in matters requiring the exercise of judgment, the plaintiff could have no grounds of complaint regardless of how much annoyance, inconvenience or damage he might sustain on account thereof. But the extent of the power conferred raised a corresponding duty upon the county officials when exercising judgment, to exercise the same honestly, reasonably and in good faith, having due regard for the rights of the plaintiff. If they failed to perform this duty, and the plaintiff sustained damages on account thereof, the county would be liable therefor in an action on the contract for damages. The law presumes that every person acts honestly and in good faith. The complaint alleges that the officers of the defendant county did certain acts which, under the contract, they were authorized to do, and states that they did these acts arbitrarily. Whether or not the acts were arbitrary

depended entirely upon facts not alleged in the complaint. If the officers of the county were not acting honestly and in good faith, it was incumbent upon the plaintiff to allege facts which, if established by proof, would be sufficient to overcome this presumption, and we can find no such allegation in the complaint.

This case does not fall within the rule followed in *McDonald* v. *Supple,* 96 Or. 486, 494 (190 Pac. 315), where the court said:

"The testimony on behalf of plaintiff tended to establish such changes in the work caused by the failure of the defendant to perform his part of the contract, which made the labor more burdensome and extended the same to two or three times the amount it would ordinarily have been, if the material had been delivered at the time and in the condition agreed upon. Therefore the plaintiff could properly recover upon a *quantum meruit.*"

Nor do the facts in this case bring the case within the rule announced by the court in that case where the court rightfully held as follows:

"Under the contract Wakefield was entitled to partial payments as the work progressed, and he submitted various statements to defendant with such object in view, and accepted money under such estimates. It was not contemplated that such advance payments should be a final settlement of any part of the work, and the contention of defendant that plaintiff is thereby estopped from claiming additional compensation cannot be maintained. The evidence tended to show that, in different conversations between Wakefield and Supple, the latter told Wakefield in effect to go ahead and do the work, and Supple would make it all right with him when he got through."

Another reason why the judgment cannot be sustained is this: The complaint admits that the plaintiff has been paid under the contract the sum of

$7,974.97, and there is no allegation that the county ever failed, or refused to pay to plaintiff any sum or amount for anything done by him under the contract. The complaint alleged that the reasonable value of the services performed by the plaintiff was $29,589.83, and he sought to credit as part payment thereon said sum of $7,974.97, and demanded judgment for the balance. It is elementary law that where one of two contracting parties pays to the other for services performed under a contract the price stipulated in the contract to be paid for such services, the payment of the stipulated price satisfies and discharges the obligation arising from the performance of the services so paid for, and that there can be no further liability on account thereof. Hence, the plaintiff who admits in his complaint that he has received the contract price in payment for services performed by him under the contract to the extent of the sum of $7,974.97, cannot be permitted on *quantum meruit* or otherwise to recover any additional or greater amount for the services so paid for.

7. At the commencement of the trial defendant objected to the introduction of any testimony upon the ground that the complaint failed to state facts sufficient to constitute a cause of action against the defendant. As no demurrer was filed to the complaint, and the objection to the sufficiency of the complaint was first raised after the commencement of the trial, the rule of aider by verdict in such case applies.

But this will not avail the plaintiff, because as we have shown under the allegations of the complaint the plaintiff is not entitled to recover on *quantum meruit*. At the close of plaintiff's testimony the defendant moved for judgment of nonsuit, and at the close of the taking of testimony defendant again

moved for a directed verdict. The court instructed the jury that under the pleadings and proof, a verdict could be returned in favor of the plaintiff on *quantum meruit*. To this instruction, the defendant reserved an exception. Defendant's rights were therefore fully preserved.

For the reasons stated, the judgment appealed from will be reversed, and the cause will be remanded to the court below for such further proceedings as are not inconsistent herewith, and it is so ordered.

REVERSED AND REMANDED. REHEARING DENIED.

BURNETT, C. J., and McBRIDE and HARRIS, JJ., concur.