Argued March 6; affirmed April 22, 1930

STATE, for Use of SAUERS, *v.* C. J. MONTAG CO. et al.

(286 P. 995)

588

*Frank S. Senn* of Portland (J. C. Johnson of Gold Beach on the brief) for appellants.

*W. U. Douglas* of Marshfield (Collier H. Buffington of Gold Beach on the brief) for respondent.

RAND, J. Plaintiff brought this action in the name of the state for his own benefit under section 2991, Or. L., to recover from C. J. Montag company, a public contractor, and its surety, The Aetna Casualty and Surety Co., for lumber sold for the construction of certain public bridges on the Roosevelt highway for the construction of which said contractor had entered into a contract with the state highway commission. In alleging the value of the lumber, the complaint alleged that it was "of the reasonable and agreed value of" a stated amount. Defendants moved the trial court that plaintiff be compelled to elect whether he would rely upon the reasonable value or the agreed value. The trial court sustained the motion and plaintiff elected to rely upon the agreed value. After plaintiff had elected to rely upon the agreed value of the lumber, defendants then demurred to the complaint, claiming that in an action to recover upon a bond given to secure the payment for labor or material furnished on public work,

plaintiff would be entitled to recover only the reasonable value of the labor or material furnished and not the agreed value, and that the complaint, for that reason, as it then stood with the allegation of the reasonable value eliminated therefrom, did not state facts sufficient to constitute a cause of action. The learned trial court overruled the demurrer. The cause was then tried to a jury and plaintiff had verdict and judgment for the amount demanded in the complaint.

The only error assigned upon this appeal is the overruling of the demurrer to the complaint.

Defendants' argument in support of the demurrer is that the right of a laborer or materialman, who has furnished labor or material for public work, to maintain an action upon the bond is a right conferred by statute in lieu of the right to a lien, which would exist if the labor or material had been furnished for the construction of a building privately owned and, for that reason, the law applicable to mechanics' liens should be applied to a case where the laborer or materialman seeks to enforce a claim against a bond given by a public contractor. Based upon this contention, defendants further contend that since, in mechanics' lien cases, the rule is that, unless the labor or material for which the lien is claimed was furnished at the instance of the owner of the building or of his common-law agent, the right to a lien is limited to the reasonable value of the thing furnished and not for the amount which some other person may have contracted to pay therefor, the same rule should be applied in this case and, therefore, after the motion was sustained, no reasonable value being alleged, the demurrer should have been sustained.

The rule relied on was held applicable to mechanics' lien cases in *Fitch v. Howitt,* 32 Or. 396 (52 P. 192);

*Beach v. Stamper,* 44 Or. 4 (74 P. 208, 102 Am. St. Rep. 597); *Quackenbush v. Artesian Land Co.,* 47 Or. 303, 306 (83 P. 787); *Christman v. Salway,* 103 Or. 666 (205 P. 541), and is a rule of decision in this state, but it has no application even in mechanics' lien cases where the labor or material furnished was furnished at the instance of the owner of the building or his common-law agent and if the rule is applicable in an action against the bond to recover for labor or material furnished on public work, upon which we express no opinion, it could have no application here because the lumber was furnished to the original contractor and payment thereof was an obligation which the surety, upon default of the contractor, had agreed to perform.

■■ The contract entered into by the C. J. Montag company and the state highway commission for the construction of the bridges for which the lumber in question was purchased contained an express provision whereby the contractor expressly contracted that it would "promptly, as due, make payment to all persons supplying to such contractor labor or material for the prosecution of the work provided for in such contract." The insertion into the contract of this promise by the contractor is required by section 6718, Or. L., as amended by chapter 24, Laws 1923. In addition to this requirement that the contractor shall contract to pay laborers and materialmen for labor or material furnished for the prosecution of the work provided for in his contract, he is also required by section 2991, Or. L., to furnish a bond and this section requires that the bond shall contain a like provision obligating the contractor and his surety to make said payments. The purpose of these sections of the statute was to provide security for the payment of all persons who furnished labor or material on public

work by giving a claim under the bond in lieu of the lien upon the land and buildings or structures, which would have been granted to them if the property for which the labor or material was furnished had been owned by a private person. The obligation assumed by the contractor and his surety to pay for labor or material furnished for the prosecution of the work contracted for grows out of the purchase by the contractor of labor or material to enable him to perform the contract and it is wholly immaterial whether the obligation arises from a promise to pay a stipulated price therefor or to pay the reasonable value thereof. In either event, the contractor and his surety are liable for its payment. For this reason the complaint stated a good cause of action when it stated that the lumber had been purchased by the contractor for the prosecution of its work, regardless of whether the contractor had agreed to pay a stipulated price for the lumber or the reasonable value thereof.

■ We think that, for reasons which will now be stated, the trial court erred in compelling plaintiff to elect whether he would rely upon an express contract fixing the price, or upon *quantum meruit*. Our code provides that a plaintiff may unite several causes of action in the same complaint when they all arise out of contract, express or implied. But it also provides that when so joined in the same complaint they must be separately stated. Hence, if the transaction complained of—the sale and delivery of the same lumber, for which plaintiff could have but one recovery—entitled plaintiff to sue on the express contract fixing the price, or on *quantum meruit,* then the two causes of action, if separately stated, could be united in the same complaint. Assuming for the purposes of this decision that two

causes of action, one on the express contract and one on *quantum meruit,* were united in the complaint and not separately stated, then since both could be properly joined in one complaint if separately stated, defendants' remedy was not by motion to compel the plaintiff to elect but was that stated in Pomeroy's Code Remedies (5th Ed.), §§ 340 and 341, as follows:

"The remedy is, therefore, not by a demurrer, but by a motion to make the pleading more definite and certain by separating and distinctly stating the different causes of action. The plaintiff can thus be compelled to amend his complaint or petition, and to state each cause of action by itself, so that the defendant may deal with it by answer or demurrer as the nature of the case demands."

That is the rule in this state as we understand from the decisions of this court. See *High v. Southern Pacific Co.,* 49 Or. 98 (88 P. 961), where Mr. Chief Justice Bean, speaking for the court, said:

"If there were, in fact, two causes of action stated in the complaint, the defendant should have moved for an order requiring them to be separately stated, if they could be properly joined, and, if not, to require plaintiff to elect upon which he would rely."

■ Under this rule, since these two causes of action could have been properly joined in the same complaint, if separately stated, defendents' remedy was to move for an order requiring plaintiff to state them separately, which could have been done by the filing of an amended complaint. This rule, however, has no application to a complaint where two causes of action which cannot be legally joined are separately stated in the same complaint. In such a case, if the defect appears upon the face of the complaint, the statute seems to require the defendant must demur, while, if it does not,

the defense may be presented by answer, and, unless taken advantage of in the manner so provided, the defendant will be deemed to have waived the defect: Section 72, Or. L.; *Elling v. Blake-McFall Co.*, 85 Or. 91 (166 P. 57); *Allen v. The People's Amusement Co.*, 85 Or. 636 (167 P. 272); *Sayles v. Daniels Sales Agency*, 100 Or. 37 (196 P. 465); *Christman v. Salway*, 103 Or. 666 (205 P. 541); Pomeroy's Code Remedies (5th Ed.), § 342. However, it was held in *Cohen v. Ottenheimer*, 13 Or. 220 (10 P. 20), that the proper remedy for the defendant to pursue in such a case "is to permit the party to elect which of the two he will proceed upon in the suit commenced." This decision seems to ignore the force and effect of the statute and is not supported by any citation of authority. Nor does the rule first stated have any application to a case where the complaint which in one statement or count mingles and combines in the same allegations different causes of action which can not properly be united, or, in other words, where the pleading in form sets forth but one cause of action while in reality it embraces two or more which can not be joined in any form. In this character of cases, Pomeroy says:

"* * * the more convenient practice would seem to be a motion in the first instance to make the pleading more certain and definite by arranging it into distinct causes of action, or a motion to strike out the redundant matter and surplusage and thus reduce it to a single definite cause of action."

Pomeroy's Code Remedies (5th Ed.), §§ 450 and 451. But under our statute we think that such a pleading is subject to demurrer, and also that it is subject to a motion to strike the pleading out under section 106, Or. L., and that the proper remedy is by demurrer or motion.

Cases often arise where, for an injury sustained, plaintiff has both a common-law remedy and a statutory remedy. A familiar illustration is where an employee is injured through the negligence of the master and the injured workman is entitled to seek relief in an action either under the common law or under the employers' liability act. In such case, the rules of law governing the two actions and the relief to be granted are different and, where both are stated separately in the same complaint, plaintiff would properly be compelled to elect which remedy he desires to pursue. Other cases involving the same principle may be cited such as *Harvey v. Southern Pacific Co.,* 46 Or. 505, 511 (80 P. 1061), where the complaint separately stated a common-law liability and a liability growing out of a railroad carrier's statutory duty to fence its track, and where plaintiff would have been entitled to different relief under one than under the other, so plaintiff, in that case, was properly compelled to elect which of said remedies he would pursue. The complaint in the instant case brings it within the rule to which we first referred and not within the rules applicable to the other class of cases referred to. If the complaint was defective as claimed, defendants should have moved for an order requiring plaintiff to separately state the two causes of action, and not have moved the court to require plaintiff to elect.

In the instant case, plaintiff alleged in a single count that he had sold and delivered lumber to the defendant contractor under an express contract fixing the price and that the agreed price and the reasonable value of the lumber were the same. If he had alleged the reasonable value of the lumber, and stated nothing about the agreed price, he could have proved both the reason-

able value and the agreed price for, if it was established that the lumber had been sold for an agreed price, then the agreed price would have become the *quantum meruit* of the case. Had plaintiff desired to do so, he could properly have alleged in the complaint an express contract stipulating the price and an implied contract for the reasonable value of the lumber by stating the same separately and, if the same had been stated separately, he could not have been compelled to elect whether to proceed upon one or the other. See 5 Enc. Pl. & Pr., §§ 321-324; 1 Bancroft, Code Pleading, §§ 108 and 918; *Harvey v. Southern Pacific Co.,* supra. In *Holm v. Chicago, M. & P. S. Ry. Co.,* 59 Wash. 293 (109 P. 799), the court, speaking through Mr. Justice Gose, said:

"* * * As we have seen, the appellant predicates his right to recover both upon an express contract and upon a *quantum meruit.* A party may present his case in the alternative. The wisdom of the rule is apparent. In many cases a reasonable doubt may exist in the mind of the pleader whether there was an express contract, and, if so, whether his evidence is sufficient to establish it. In such cases a prudent pleader will so frame his pleading as to admit proof and to permit a recovery upon either ground."

In *Beers v. Kuehn,* 84 Wis. 33, 54 N. W. 109, where the question involved was identical with the question now under consideration, the court said:

"* * * In the present case the complaint blends a cause of action upon express contract for the agreed price with a cause of action upon implied contract for the reasonable value of the work. The allegations are entirely sufficient to make a good complaint upon both causes of action, but the trouble is they are not stated separately, as the rules of pleading require. While this is poor pleading, it is not fatal to the causes of action thus blended. Advantage of the error must be taken by motion to make definite and certain."

Our conclusion is that defendants' sole remedy, under the form of the pleading involved here, was to move for an order requiring the plaintiff to separately state his two causes of action, and that it was not a case where plaintiff could be compelled to elect. However, since plaintiff obtained judgment for the amount claimed, the ruling of the court, although erroneous, was harmless.

JUDGEMENT AFFIRMED.

COSHOW, C. J., and ROSSMAN, J., concur.

MCBRIDE, J., did not participate in this opinion.