Argued October 29, affirmed December 11, 1968

## PAUL & BACKER CO., *Appellant, v.* NEWMAN, *Respondent.*

448 P. 2d 511

*Phil Cass, Jr.,* Eugene, argued the cause for appellant. On the briefs were Riddlesbarger, Pederson, Brownhill & Young, Eugene.

*Stanley E. Clark,* Redmond, argued the cause for respondent. On the brief were Copenhaver, Larkin & Bryant, Redmond.

Before MCALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an appeal from a judgment for the defendant on a counterclaim. Plaintiff was under contract to construct the U. S. Post Office building in Prineville, Oregon. Defendant was the subcontractor for the masonry construction. The subcontract was terminated by the plaintiff prior to completion. Plaintiff completed the work required under the subcontract. Plaintiff filed an action alleging a breach of the subcontract and damages of $14,186.71 as the sum expended by him to complete the subcontract. Plaintiff admits he is withholding the sum of $7,453 from sums due and owing the defendant and accrued from defendant's work. The defendant denied the breach and counterclaimed for $8,452.71, as the reasonable value of the work performed and not paid for. This is the balance which would have been due under the completed contract. Trial was before the court without a jury. A request for special findings was not made. The court found against the plaintiff on its complaint and for the defendant on his counterclaim for $2,952.34.

The plaintiff assigns as error the court's finding for the defendant on his counterclaim because there was no substantial evidence to support the finding of the reasonable value of the work done. He argues that defendant's only evidence as to the value of the work performed prior to plaintiff's termination re-

lated to what defendant thought he had coming to him on the balance of the contract.

■ The finding of the trial court has the same legal effect as a jury verdict. This court is bound by the finding unless there is no substantial evidence in the record to support the finding. *Wagner v. Savage, as Adm'r,* 195 Or 128, 244 P2d 161 (1952).

It is implicit in the trial court's finding that the defendant did not breach the contract. On appeal the defendant is in the position of a builder who has been prevented from fully performing by the owner's termination of the contract.

■ A builder who has supplied labor and material under an express contract and is prevented from fully performing by the owner's termination of the contract, may regard the contract as terminated, as distinguished from rescinded, and elect to seek a judgment on a common count for the reasonable value of what the owner received under the contract, or in an action on the contract for damages. *McGrew v. Investment Co.,* 106 Kan 348, 187 P 887 (1920); *Kehoe v. Rutherford,* 56 NJL 23 (Sup Ct 1893), 27 A 912; *Inland Construction Co. v. Pendleton,* 116 Or 668, 242 P 842 (1926); *Feldschau v. Clatsop County,* 105 Or 237, 208 P 764 (1922); *Franconi v. Graham,* 89 Or 619, 174 P 548 (1918); and *Chase v. Smith,* 35 Wash 631, 77 P 1069 (1904).

The principal items in evidence were: The contract, the subcontract, the Construction Progress Report, and documents showing costs by the plaintiff in completing the subcontract, and payments made to, or on behalf of, the defendant. The Construction Progress Report set out the total value of the masonry category, as well as numerous other categories. The Report showed payments by category which had been made

by the U. S. Government to plaintiff. It also set the value of the work completed prior to termination of the subcontract. The Progress Report was apparently based in part upon detail provided by the contractor.

The record provides substantial evidence to support the finding.

Affirmed.