Argued and submitted September 10, affirmed November 5,
reconsideration denied December 13, 1979
petition for review allowed January 3, 1980

# THE KASHMIR CORPORATION,
*Appellant,*

*v.*

# PATTERSON, et ux,
*Respondents-Cross-Appellants.*

## (No. 101,896, CA 12100)

602 P2d 294

J. P. Harris, II, Salem, argued the cause and filed the brief for appellant.

Michael J. Martinis, Salem, argued the cause for respondents - cross-appellants. With him on the briefs was Norman F. Webb, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

JOSEPH, P.J., dissenting opinion.

## RICHARDSON, J.

Plaintiff appeals from a verdict in favor of defendants on their counterclaims. There are three assignments of error. Defendants cross-appeal alleging that the trial court's award of attorney fees was inadequate.

In 1976, defendants and plaintiff, a general contractor, entered into a contract under which plaintiff was to build a custom home for them. Under the terms of the agreement plaintiff was to construct the residence and defendants agreed to pay the cost of construction plus ten percent. Any costs incurred as the result of error or negligence on the part of the builders were not to be included as cost items. Defendants discovered construction defects after they moved into their home. They refused to pay the final installment on the construction contract until the defects were remedied. On August 24, 1977, plaintiff filed a complaint alleging a breach of contract and prayed for $2,713.30 in damages. The essence of the complaint was stated in paragraph II, which read:

"On or about the 27th day of September, 1976, Plaintiff and Defendants entered into a written contract for the construction of a house; a copy of said contract is attached hereto and by this reference made a part hereof."

Defendants answered, admitting that the contract existed but denying further liability thereunder, and asserting certain counterclaims. Defendants later amended their answer by alleging further counterclaims.

On March 21, 1978, plaintiff amended its complaint by adding a count in *quantum meruit.* Defendants' motion to strike the count was allowed. Plaintiff contends that striking the count was error.

*Quantum meruit* is a form of restitution where the plaintiff has performed services for defendant and seeks to recover their fair value. The law, in appropriate situations, will imply a quasi-contract. It is not

[47]

consensual. It is not a contract. It is a remedial device which the law affords to accomplish justice and prevent unjust enrichment. *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 557, 577 P2d 477 *cert den* 439 US 1051 (1978). *Quantum meruit* presupposes that no enforceable contract exists.

It is proper for a party to plead counts in contract and in *quantum meruit* covering the same course of events in complaint. ORS 16.221(1); *State v. Montag Co.,* 132 Or 587, 591, 286 P 995 (1930). Such alternative pleading may be beneficial to the pleader in the situation where it is faced with a contract which may be void under the statute of frauds, where its performance has been hindered by the defendant, where the facts at trial may show that it did not substantially perform the contract but that it is entitled to the reasonable value of the services furnished, or where the pleader is unsure of whether it can actually prove the existence of the contract at trial. *See e.g., American Petrofina v. D & L Oil Supply,* 283 Or 183, 194-96, 583 P2d 521 (1978); *Brackett, Exec., v. U.S. Nat. Bank,* 185 Or 642, 652, 205 P2d 167 (1949); *Feldschau v. Clatsop County,* 105 Or 237, 247, 208 P 764 (1922); *Restatement of Contracts,* § 355 (1932). When the two counts are tried together the contract price is a ceiling on recovery even under the *quantum meruit* count. *Sinnock v. Zimmerman,* 132 Or 137, 144, 284 P2d 838 (1930); *Feldschau v. Clatsop County, supra; Wuchter v. Fitzgerald,* 83 Or 672, 163 P 819 (1917). Ultimately, however, there can not be a valid legally enforceable contract and an implied contract covering the same services. *Porter Const. Co. v. Berry et al.,* 136 Or 80, 85, 298 P 179 (1931). The contract controls.

In the present situation the contract was pleaded and was incorporated in plaintiff's complaint. Defendants admitted the contract in their answer. The enforceability of the contract was not in dispute. At that time the action became one in contract. The basis of the plaintiff's cause of action was established. The

[48]

count in *quantum meruit* was no longer relevant to the law suit and was properly stricken. ORS 16.100(2).

In its second assignment plaintiff contends that it was error to allow plaintiff's construction foreman to testify that he was told by plaintiff's contruction superintendent to "keep my mouth shut on the problems on [defendants'] job." The trial court admitted the evidence after an offer of proof and a discussion of the law. This statement was admissible under the vicarious admission exception to the rule against hearsay.

An admission has been defined as a statement by a party or someone identified with him in legal interest of the existence of a fact which is relevant to the cause of his adversary. Evidence of an admission is not objectionable as hearsay. *Oxley et al v. Linnton Plywood Ass'n*, 205 Or 78, 98, 284 P2d 766 (1955). An admission of an agent will be admitted as a vicarious admission of a party where it is made by the agent while acting within the scope of his agency and concerns the business of his principal. *Timber Access Ind. v. U.S. Plywood*, 263 Or 509, 517, 503 P2d 482 (1972); *Hansen v. Oregon-Wash. R. & N. Co.*, 97 Or 190, 218-19, 188 P 963, 191 P 655 (1920).

In this case the statement was made to plaintiff's construction foreman by the plaintiff's construction superintendent, at the job site, during the course of constructing defendants' residence. The speaker was employed to oversee construction, order materials, and assign and supervise the daily jobs on defendants' residence. The statement was within the scope of his authority.

The second prong of the test is whether the statement had a tendency to establish a material proposition of defendants' case. Defendants counterclaimed in two counts, alleging first that plaintiff failed to perform the contract in 15 specifics and second that plaintiff failed to construct the residence in a workmanlike manner, alleging 20 particulars. Defendants' affirmative defense was that they were improperly charged for labor costs.

[49]

The statement was relevant because it tended to show by way of circumstantial evidence that plaintiff failed to construct the residence in a workmanlike manner and that plaintiff attempted to conceal such defects.

As its final assignment, plaintiff contends that the trial court erred in denying its motion for mistrial in two instances. The first situation involved one of the defendants mentioning the word "settlement." During direct examination of one of the defendants, the following exchange occurred:

"Q. Did you have a conversation with anyone concerning that floor?

"A. Yes, we asked Bob. We'd have settled this just if he —

"Q. Well, you can't get into the settlement."

Plaintiff argues, and we agree, that an offer of settlement would rarely be admissible at trial. *Marsh v. Davidson*, 265 Or 532, 543, 510 P2d 558 (1973).

Motions for mistrial are directed to the sound discretion of the trial court and the ruling will not be overturned absent an abuse of its discretion by improperly tolerating uninvited prejudice. *Martin v. Dretsch*, 234 Or 138, 380 P2d 788 (1963); *see State v. Stanley*, 30 Or App 33, 36, 566 P2d 193, *rev den* 280 Or 1 (1977). The mere mention of the word "settlement" is not talismanic and without a showing of prejudice does not necessitate a new trial. The word came in inadvertently, no details were disclosed and no admissions by either party were presented to the jury.

The second instance in which plaintiff moved for mistrial was after defendants' counsel persisted in the use of leading questions on direct examination. The motion was denied but the court cautioned defendants' counsel against the further use of leading questions. Plaintiff has not shown that it was prejudicial and the trial court's curative action insured against further improper questioning by the defense attorney. The motion for mistrial was properly denied.

[50]

On cross-appeal defendants question the sufficiency of the trial court's award of attorney fees. The contract provided that if there was a dispute the prevailing party was to be awarded reasonable attorney fees. ORS 20.096. The parties stipulated at trial that the amount of attorney fees would be set by the trial court in a separate hearing rather than by the jury at trial. *Nicoletti v. Damerow Ford*, 40 Or App 587, 595 P2d 1286 (1979).

The trial court awarded defendants $1,200 in defending against plaintiff's complaint and $2,300 in prosecuting their own claim. Judgment was rendered for defendants in the amount of $3,867.75.

It has long been settled in Oregon that the amount of attorney fees to be awarded is a question of fact left to the trier of fact; in this case the trial court. ORS 17.435. Such findings will be upset on appeal only if they are unsupported by any substantial evidence. *Waggoner v. Oregon Auto. Ins. Co.*, 270 Or 93, 100, 526 P2d 578 (1974); *State High. Com. et al v. Kendrick et al*, 227 Or 608, 363 P2d 1078 (1961). In this instance the trial court set what it determined to be a reasonable fee. It was in a better position after listening to the trial, reading the written work product in the trial file, and considering the time records to determine this matter of fact than are we. There is evidence to support its decision.

Affirmed.

**JOSEPH, P.J.,** dissenting.

Plaintiff's amended complaint separately pleaded a cause of action based on the written contract *and* a cause of action in *quantum meruit.* The trial court struck the latter cause of action. The majority would uphold that because the defendants admitted the existence of an enforceable contract in their answer:

"At that time the action became one in contract. The basis of the plaintiff's cause of action was established. The count in *quantum meruit* was no longer relevant to the lawsuit and was properly stricken. ORS 16.100(2)." (43 Or App at 48.)

Aside from my inability to understand what "relevance" has to do with anything under ORS 16.100(2), that holding is patently contrary to a long line of cases going back at least as far as *State v. Montag*, 132 Or 587, 286 P 995 (1930). In effect the plaintiff was forced to elect to sue only on the contract. The causes of action were separately stated, and plaintiff had a right, not just to plead both causes of action, but to proceed on both. *State v. Montag*, 132 Or at 595. The trial court and this court are wrong in holding otherwise, so I dissent.