Argued and submitted March 5, affirmed September 10,
petition for rehearing denied October 14, 1980

## THE KASHMIR CORPORATION,
### *Petitioner,*
*v.*
## PATTERSON et ux,
### *Respondents.*

### (No. 101,896, CA 12100, SC 26649)

616 P2d 468

J. P. Harris II, Salem, argued the cause and filed the briefs for petitioner. With him on the petition for review was Mark K. Grider, certified law student.

Michael J. Martinis, Salem, argued the cause for respondents. With him on the brief was Norman F. Webb, Salem.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Peterson and Tanzer, Justices.

DENECKE, C. J.

## DENECKE, C. J.

This is an action by the plaintiff builder against the defendant homeowners for moneys allegedly remaining due for the construction of a home. The builder brought his action in two counts, one for moneys remaining due under an express, written contract, and the other for the reasonable value of services rendered in building the home. Upon the owners' motion, the trial court struck the builder's reasonable value count. A jury returned a verdict against the builder and for the owners on their counterclaims. The builder appealed to the Court of Appeals contending that the trial court erred in striking the reasonable value count. The Court of Appeals affirmed. 43 Or App 45, 602 P2d 294 (1979). We granted review and we affirm. '

■ A claim for the reasonable value of goods or services is sometimes referred to as a claim in quasi contract or a claim for quantum meruit. It is not a claim based upon an express contract. Rather, it is a claim which the law will allow although the claim could not be based upon an express contract. It is a remedial device which the law has formulated to permit recovery for services or materials from a party even though under the law of express contracts that party would not be obligated to pay. *Derenco. v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 557, 577 P2d 477, cert den 439 US 1051, 99 S Ct 733, 58 L Ed2d 712 (1978); *Schroeder v. Schaeffer,* 258 Or 444, 466, 483 P2d 818 (1971).

The distinction between recovery upon the contract and upon a quasi contractual or a quantum meruit basis is stated in *Turner v. Jackson,* 139 Or 539, 548, 4 P2d 925, 11 P2d 1048 (1932):

"* * * We pause to take note of the well-established rule that before a plaintiff can recover upon a complaint which alleges a contract and its performance the proof must establish at least substantial performance: * * * [Citing cases] * * *. A contractor who in good faith endeavored to perform his contract but stopped short of actual performance by a substantial margin and yet conferred a benefit upon the other party which the latter elected to retain, may recover for the benefits conferred upon a quasi contract liability: Woodward, The Law of Quasi Contracts, § 175. * * *."

To the same effect 3A Corbin, Contracts § 710, p 342.

We have frequently held that a plaintiff may plead alternatively on an express contract and in quantum meruit, and that the plainitiff cannot be required to elect upon which theory plaintiff will rely. *Brackett, Exec. v. U. S. Nat. Bank,* 185 Or 642, 652, 205 P2d 167 (1949), and cases cited therein. The reason why the plaintiff need not elect is explained in *State v. Montag,* 132 Or 587, 595, 286 P 995 (1930):

"A party may present his case in the alternative. The wisdom of the rule is apparent. In many cases a reasonable doubt may exist in the mind of the pleader whether there was an express contract, and, if so, whether his evidence is sufficient to establish it. In such cases a prudent pleader will so frame his pleading as to admit proof and to permit a recovery upon either ground." 132 Or at 595, *quoting Holm v. Chicago, M & PS Ry. Co.,* 59 Wash 293, 109 P 799, 800 (1910).

Our decision in this case does not overturn this well established rule.

■ In the present case, when the builder prepared his complaint, he could not be certain what the position of the defendant would be. The builder probably knew that the owners would contend the builder had not satisfactorily completed his contract but the builder probably did not know whether the owners were going to contend the builder was not entitled to recover on the contract because he substantially failed to

complete the contract. For this reason the builder had the right to allege a count based upon the express contract and one based upon quasi contract.

When the owners filed their answer, however, the issues were narrowed. The owners admitted they entered into a contract with the builder whereby the builder agreed to build a house on a cost plus basis at an approximate cost of $66,800. The answer also alleged that the defendants paid the builder $65,000 and that the unpaid balance of the contract price represented cost incurred by the homeowners to complete the construction of their house. The owners also asked for attorney fees as provided by the contract. It is clear from the allegations of the answer that the defendants were not contending that the contract was no longer operative; rather, defendants were contending that the contract was in force but that the plaintiff failed to complete its obligation under the contract.

The contract by its terms covers the present situation in which the owners contend they can deduct from the contract price and also recover damages because the builder has not satisfactorily completed the contract.

The contract provides:

"If material deviations, defects, or deficiencies in the work are not remedied within a reasonable time or if Contractor shall fail or neglect to perform any of his obligations properly or in good and workmanlike manner, then Owner after 30 days written notice to Contractor, without prejudice or any other right or remedy, may correct any such deviation, deficiency, or defect himself and Contractor agrees to reimburse Owner for the entire cost thereof either by way of deduction from payment then or thereafter to be made to Contractor or by payment of the invoice of Owner therefor."

■ The defendants did not file their motion to strike until after they answered the complaint. At that point the validity and enforceability of the contract

were no longer in issue, and the trial court correctly struck the quantum meruit count.

*Feldschau v. Clatsop County,* 105 Or 237, 241, 208 P 764 (1922), is authority for this proposition:

"Where the contract and the consideration are both entire, and no price is stipulated in the contract to be paid for anything less than complete performance, and there has been a part performance by one party to the contract which has been of benefit to and has been accepted by the other, the rule in this state is that the party who has partly performed his contract is entitled to recover on *quantum meruit* for the part performed, less such damages as the other party may have sustained by reason of his failure to complete performance. But where the contract stipulates the rates and prices to be paid for that which has been done under the contract, then the right of such party to recover for part performance is limited and restricted to the rates and prices fixed by the contract. In the first instance the party is permitted to recover on *quantum meruit* for the reason that in the nature of things there can be no other measure of recovery than that of reasonable value; while in the latter case, the parties are and should be bound by the rates and prices which they themselves have agreed should be paid therefor."

Affirmed.

## TONGUE, J., Specially Concurring.

As stated by the majority, the decision by the court in this case does not overturn the long established rule that a plaintiff cannot be required to elect between alternative counts of express contract and quantum meruit. The opinion by the majority fails, however, to make it clear that when any doubt exists regarding the existence or enforceability of an express contract, or when the express contract fails to provide the basis for payments to be made under the contract, a plaintiff may plead alternatively on an express contract and in quantum meruit without being required to elect.

Similarly, this holding does not preclude a plaintiff from proceeding solely in quantum meruit even when the defendant admits to the existence and enforceability of an express contract covering the same services. *See Sinnock v. Zimmerman,* 132 Or 137, 144-45, 284 P2d 838 (1930). In such a case, however, the terms of the contract will govern recovery. *Id.*

It is only when a plaintiff proceeds on alternative theories of express contract and quantum meruit, and the defendant subsequently admits to the existence and enforceability of a contract which provides the basis for payments to be made under the contract that the plaintiff may be required to elect or the count in quantum meruit stricken. Because, however, those facts are present in this case I concur in the decision by the majority.