On appellants' reconsideration filed March 18, 1983, former opinion (62 Or App 242) withdrawn in part and adhered to in part as supplemented, reconsideration allowed May 25, 1983, petition for review denied August 16, 1983 (295 Or 541)

AUSTIN et ux,
*Appellants,*
*v.*
DANFORD et ux,
*Respondents.*

(80-1087-L; CA A23441)

663 P2d 802

Carlyle F. Stout, III, Medford, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

In their petition for reconsideration, tenants contend that in our former opinion, 62 Or App 242, 660 P2d 698 (1983), we erred: (1) in stating that tenants argued only that the water supply for the dwelling was undrinkable but was suitable for bathing and washing clothes; (2) in holding that landlords were not grossly negligent in failing to provide an essential service under ORS 91.805; (3) in holding that landlords did not engage in retaliatory conduct under ORS 91.865; and (4) in holding that landlords did not maintain the dwelling in an unhabitable condition under ORS 91.770. We withdraw the portion of our opinion concerning habitability, supplement our analysis of essential services and adhere to our discussion of retaliatory conduct.

Tenants brought an action for damages and an injunction under ORS 91.800, alleging that landlords failed to maintain the dwelling in a habitable condition. They also sought damages under ORS 91.805, alleging that landlords were grossly negligent in failing to provide an essential service. ORS 91.805(4) provides: "If the tenant proceeds under this section, he may not proceed under ORS 91.800 as to that breach." Therefore, the portion of our opinion concerning habitability (from the beginning of the first full paragraph on page 246 to the end of the paragraph beginning on page 247 and ending on page 248) was unnecessary, and we withdraw it.

With respect to their claim that landlords were grossly negligent in failing to provide an essential service under ORS 91.805(1), we agree with tenants that they argued on appeal that the water supply for the dwelling was unsuitable for drinking, bathing, cooking and other domestic purposes. However, ORS 91.805(5) provides, in part:

"Rights of the tenant under this section do not arise:

"(a) Until he has given reasonable notice under the circumstances to the landlord to enable the landlord to provide the essential service * * *."

Tenants twice gave landlords notice of the results of water tests that stated only that the water was unsafe for drinking. The trial court found that landlords had notice that the water was undrinkable but not that it was unsuitable for other domestic purposes. We are bound by this finding, because it is

supported by substantial evidence. *See Kashmir v. Patterson,* 43 Or App 45, 51, 602 P2d 294 (1979), *aff'd* 289 Or 589, 616 P2d 468 (1980). Therefore, the issue before the trial court was whether landlords violated ORS 91.805(1) by being grossly negligent in failing to provide drinkable water. For the reasons stated in our opinion, substantial evidence supports the trial court's decision that landlords were not grossly negligent. 62 Or App at 248.

Petition for reconsideration allowed; former opinion withdrawn in part and adhered to in part as supplemented.