**EAGLE PACIFIC INSURANCE COMPANY, a Washington corporation, Plaintiff,**

v.

**WBM, INC., an Oregon corporation; REH, Inc., an Oregon corporation; RIR, Inc., an Oregon corporation; MFP, Inc., an Oregon corporation; HC, Inc., an Oregon corporation; Roche Engineering Corporation, an Oregon corporation; Marine Finance Corporation, an Oregon corporation; and Astoria Metal Corporation, an Oregon corporation, Defendants.**

Civ. No. 95–190–FR.

United States District Court, D. Oregon.

May 24, 1995.

Jeffrey J. Druckman, Miller, Nash, Wiener, Hager & Carlsen, Portland, OR, for plaintiff.

Gordon T. Carey and Steven G. Marks, Carey & Marks, Portland, OR, for all defendants, except MFP, Inc.

James Stuart Smith and Davis Wright Tremaine, Portland, OR, for defendant MFP, Inc.

## OPINION

FRYE, District Judge:

The matters before the court are (1) the motion of the defendants, WBM, Inc., REH, Inc., RIR, Inc., HC, Inc., Roche Engineering Corporation, Marine Finance Corporation and Astoria Metal Corporation, to dismiss for failure to state a claim (FRCP 12(b)(6)) (# 20–1) and for a more definite statement (FRCP 12(e)) (# 20–2); and (2) the motion of the defendant, MFP, Inc., to dismiss pursuant to FRCP 12(b)(6) (# 23).

## ALLEGATIONS OF THE COMPLAINT

The plaintiff, Eagle Pacific Insurance Company (Eagle Pacific), brings this action against the defendants for breach of contract or, in the alternative, in quantum meruit. Eagle Pacific alleges that, between July of 1991 and July of 1994, it provided workers' compensation and employer's liability insurance to the defendants pursuant to insurance policies on which one or more of the defendants were named insureds in consideration for the payment of premiums; that it fully performed the terms, conditions and obligations of the policies; and that the defendants have refused to pay the premiums earned by Eagle Pacific under the terms of the policies of insurance.

## CONTENTIONS OF THE PARTIES

The defendants move the court to dismiss the complaint against them for a failure to state a claim because Eagle Pacific has not alleged the existence of a contract between the defendants and Eagle Pacific. The defendants contend that the exhibits to the complaint establish that Eagle Pacific issued the relevant insurance policies to West State, Inc., which is not a party to this action and which has filed a petition in bankruptcy. The defendants further argue that their status as named insureds on the insurance policies issued to West State, Inc. does not obligate them to pay the premiums generated under those policies of insurance. The defendants contend that the documents attached as exhibits to the complaint establish that these policies were procured by West State, Inc.; that all of the premium notices were sent to West State, Inc.; that all of the payments received on the account were made by West State, Inc.; and that all notices of claims pending against the policies of insurance were sent exclusively to West State, Inc. The defendants also contend that the allegations in the complaint do not support a claim for quantum meruit because Eagle Pacific has not pled facts showing that it conferred a benefit on the defendants which the defendants elected to retain. The defendants argue, therefore, that the complaint should be dismissed for a failure to state a claim for relief. In the alternative, the defendants, with the exception of MFP, Inc., move the court to order Eagle Pacific to provide a more definite statement of its claims in an amended complaint.

Eagle Pacific contends that the allegations in the complaint state claims against the defendants for breach of contract and in quantum meruit, and that it is not required to allege the evidence it plans to introduce in support of its allegations. Eagle Pacific argues that the issues raised in the motion of the defendants to dismiss are more appropriately addressed after discovery has been concluded.

## APPLICABLE STANDARD

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.,* 824 F.2d 735, 737 (9th Cir.1987).

## ANALYSIS AND RULING

■ Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." In its complaint, Eagle Pacific alleges that it provided the defendants with workers' compensation and employer's liability insurance coverage under various insurance policies issued to the defendants, and that the defendants have failed to pay the premiums due under those policies of insurance. The defendants agree that they are named insureds on the insurance policies issued by Eagle Pacific. The defendants also agree that Eagle Pacific provided them with workers' compensation and employer's liability insurance coverage. The defendants acknowledge that since they are named insureds on the insurance policies, this fact raises a factual issue as to whether they were intended to be held liable for the payment of the premiums for those policies. *See* Defendants' Motion to Dismiss (# 20), p. 5.

In support of its motion to dismiss, the defendants rely on several cases which hold that a party's status as a named insured on an insurance policy is not conclusive of the party's liability to pay the premiums generated under the policy. However, the issue before the court is a narrow one, and the cases relied upon by the defendants are distinguishable because they were not decided on a motion to dismiss for failure to state a claim for relief. Because Eagle Pacific may be able to prove a set of facts which will entitle it to relief, the motion of the defendants to dismiss for failure to state a claim for breach of contract is denied.

■ The defendants also contend that Eagle Pacific has failed to plead the elements of a cause of action in quantum meruit. In order to recover in quantum meruit, a party must establish that it conferred a benefit upon the other party, and that the other party elected to retain that benefit. *Kashmir Corp. v. Patterson,* 289 Or. 589, 592, 616 P.2d 468 (1980). Eagle Pacific has alleged that, between July of 1991 and July of 1994, it provided workers' compensation and employer's liability insurance coverage to the defendants at their request, and that the defendants have refused to pay the premiums due. Those allegations are sufficient to state a claim for relief in quantum meruit. The motion of the defendants to dismiss for failure to state a claim for relief in quantum meruit is denied.

The defendants also move the court to order Eagle Pacific to provide a more definite statement of its claims. The defendants ask that Eagle Pacific plead the language in the insurance policy, or the facts, which it believes obligates the defendants to pay the premiums generated under the policies of insurance. The defendants also move the court to order that Eagle Pacific segregate and identify the insurance premiums generated by each defendant and allege specifically how the defendants were the beneficiaries of workers' compensation insurance coverage provided to West State, Inc.

■ Rule 12(e) of the Federal Rules of Civil Procedure provides, in part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The court concludes that the complaint of Eagle Pacific is not so vague or ambiguous that the defendants cannot reasonably frame a responsive pleading. Indeed, the arguments raised by the defendants in their motion to dismiss demonstrate that the defendants are aware of the nature of the claims being asserted by Eagle Pacific and their potential defenses. Accordingly, the motion of the defendants for a more definite statement is denied.

## CONCLUSION

The motion of the defendants, WBM, Inc., REH, Inc., RIR, Inc., HC, Inc., Roche Engineering Corporation, Marine Finance Corporation and Astoria Metal Corporation, to dismiss for failure to state a claim (FRCP 12(b)(6)) (# 20–1) and for a more definite statement (FRCP 12(e)) (# 20–2) is denied. The motion of the defendant, MFP, Inc., to dismiss pursuant to FRCP 12(b)(6) (# 23) is denied.