Argued and submitted April 15, resubmitted In Banc September 8, reversed and remanded for entry of judgment of dismissal of plaintiffs' complaint October 12, 1988

JEHNINGS et al,
*Respondents,*

*v.*

ALLISON et al,
*Appellants.*

(C87-146; CA A45552)

762 P2d 1037

Edward P. Fitch, Redmond, argued the cause for appellants. With him on the brief was Bryant, Emerson & Fitch, Redmond.

Bruce R. Coalwell, Roseburg, argued the cause for respondents. With him on the brief was Dole, Coalwell, McMinnin & Clark, Roseburg.

RIGGS, J. pro tempore

Graber, J., specially concurring.

Rossman, J., dissenting.

**RIGGS, J.** pro tempore.

Defendants appeal from a judgment for plaintiffs in this *quantum meruit* action for the reasonable value of landscaping goods and services. Defendants contend that the trial court erred in failing to grant them a directed verdict on the theory that plaintiffs' action is barred by ORS 671.625. That section provides:

"(1)   The board shall by rule adopt minimum standards for written contracts and billings of the landscaping businesses. The standards shall set forth requirements for information that must be contained in contracts and billings. The information required shall be any information the board determines is necessary to provide protection for consumers of the services and materials provided by landscaping businesses.

"(2)   Work by a landscaping business subject to ORS 671.510 to 671.710 shall only be performed subject to a written contract. Any contract or billing for such work must conform to the standards adopted under subsection (1) of this section.

"(3)   A contract that does not substantially comply with this section may not be enforced by a landscaping business in any court or other proceedings within this state."

The evidence in this case shows that plaintiffs failed to comply with the requirements of ORS 671.625(2) in that there was no written contract. We agree with defendants that a claim for compensation for any landscaping work performed by plaintiffs pursuant to an oral agreement therefore cannot be the subject of litigation. This result is compelled by the plain language and the underlying purpose of ORS 671.625. The statute provides that landscaping work "shall only be performed subject to a written contract[,]" and that a contract not in substantial compliance may not be enforced in court by a landscaping business.

The legislature clearly intended that landscaping businesses make their contracts in writing in order to avoid disputes about the value of services and to allow for better regulation of the industry. To permit a *quantum meruit* recovery would nullify the statute and contravene the public policy expressed by the legislature.

Reversed and remanded for entry of judgment of dismissal of plaintiffs' complaint.

**GRABER, J.,** specially concurring.

Although the majority reaches the correct result, it does so on broader grounds than necessary. Accordingly, I concur in the majority's result but not its analysis.

Both the majority and the dissent incorrectly conclude that ORS 671.625 is unambiguous. Subsection (3) provides only that "contracts" not in substantial compliance with the statute may not be enforced, while subsections (1) and (2) use the term "contracts and billings." Absence of the word "billings" in subsection (3) might indicate that the legislature intended "billings," but not unwritten "contracts," to be enforceable. *See* OAR 808-20-010 (minimum standards for written contracts); OAR 808-20-020 (minimum standards for billings). Moreover, subsection (3) simply does not specify whether a theory of quasi-contract is permissible. Because the statute is ambiguous, we look to legislative history and to the legislature's intention in enacting the statute to resolve the ambiguity. ORS 174.020; *State v. Parker,* 299 Or 534, 540, 704 P2d 1144 (1985).

As introduced, section 11[1] of 1979 Senate Bill 3 provided:

"A contract that does not comply with this section may be disregarded by any party to the contract other than the landscape contractor."

Senator Kulongoski noted that section 11 provided for "nonpayment" in the event that an unwritten contract was used. Tape recording 13, Senate Committee on Agriculture and Natural Resources, April 2, 1979, Side 1 at 1287-end. He emphasized that the provision was meant to penalize severely landscapers who did not use written contracts.[2] On April 2, 1979, the Agriculture Committee amended section 11. As amended, it contained the same wording as ORS 671.625(3) does now. The legislative history shows that the sole reason

---

[1] Section 11 was later renumbered and adopted as section 13.

[2] At one point, Kulongoski commented that the message behind section 11 was that "if [landscapers] don't use written contracts [they] don't stay in business." Tape recording 13, Senate Committee on Agriculture and Natural Resources, April 2, 1979, Side 1 at 1287-end.

for the change was to make sure that the legislature's intention, "nonpayment" of unwritten contracts, would be enforceable.[3]

The legislature's goal, punishment in the form of "nonpayment" for the use of unwritten contracts, is carried out only if we construe ORS 671.625(3) to prohibit *quantum meruit* recovery. That is true because, in many cases, the recovery in *quantum meruit* (reasonable value of goods and services delivered) and recovery on the contract (contract price) would be the same, and because *quantum meruit* would be an available theory in nearly every case.[4] The legislature did not intend the penalty for failure to use a written contract to be nothing.

However, in this case we need decide only whether the statute permits *quantum meruit* recovery. Thus, I expressly disavow the majority's unnecessary conclusion that "a claim for compensation for any landscaping work performed by plaintiffs pursuant to an oral agreement therefore cannot be the subject of litigation." 93 Or App at 416, 762 P2d 1037 (1988). *Compare* ORS 701.065(1) (unregistered builder may not "bring or maintain in any court of this state a suit or action for the performance of any work on a residential structure or for the breach of any contract"). We need not, and should not, decide whether any action other than *quantum meruit* is barred by ORS 671.625(3).

Warden and Newman, JJ., join in this specially concurring opinion.

**ROSSMAN, J.,** dissenting.

In deciding that ORS 671.625 forbids landscaping businesses that are working under an oral contract from making any claim to compensation, the majority reads too much into the statute. Because I do not believe the majority's result

---

[3] The bill was amended because an assistant attorney general informed the administrator of the Landscape Advisory Board that the original provision could not be enforced in court. The basis for that opinion is not in the legislative record.

[4] The majority's interpretation also serves to prevent landscapers from engaging in all types of overreaching, in the absence of a written contract. The dissent's interpretation prevents only price overreaching.

follows either from the language or the legislative purposes of the statute, I must respectfully dissent.

ORS 671.625(3) contains the only sanction imposed upon landscapers who fail to comply with the requirement that all work be performed subject to a written contract. That section expressly provides: "A *contract* that does not substantially comply with this section *may not be enforced by a landscaping business* in any court or other proceedings within the state." (Emphasis supplied). An action in *quantum meruit* is not an action to enforce a contract. "It is a remedial device which the law affords to accomplish justice and prevent unjust enrichment. * * * *Quantum meruit* presupposes that no enforceable contract exists." *Kashmir v. Patterson,* 43 Or App 45, 47-48, 602 P2d 294 (1979). Nothing in ORS 671.625(3) forbids such an action.

Because the statute is clear on its face, there is no need to resort to legislative history. Even were the statute ambiguous, nothing in the legislative history compels the conclusion that the legislature intended to forbid any and all claims for compensation. In barring landscape businesses, but not consumers, from enforcing the terms of an oral contract, ORS 671.625 imposes a substantial penalty for non-compliance.[1] The legislature could have determined that this penalty was sufficient to discourage the use of oral contracts by landscapers.

The legislature knew how to prohibit any and all actions for compensation for failure to comply with statutory guidelines. *See, e.g.,* ORS 701.065(1).[2] It chose not to do so,

---

[1] For example, under the statute, a landscaper cannot sue for wilful breach by a consumer. If, therefore, a consumer chose to repudiate a contract after the landscaper had partially performed, the landscaper would lose the benefit of the bargain, despite a successful action in *quantum meruit.*

[2]

"(1) A builder may not file a lien, file a claim with the Builders Board or bring or maintain in any court of this state a suit or action for compensation for the performance of any work on a residential structure or for the breach of any contract for work on a residential structure which is subject to this chapter, unless the builder was:

"(a) Registered under this chapter at the time the builder bid was entered into the contract for performance of the work; and

"(b) Registered continuously while performing the work for which compensation is sought."

thus avoiding an unfair result and windfall to consumers. I prefer not to read into the section that which the legislature has omitted.

Warren, J., joins in this dissent.