**ELLERS, OAKLEY, CHESTER & RIKE, INC., Plaintiff,**

v.

**HAITH & COMPANY, INC., Defendant.**

**ELLERS, OAKLEY, CHESTER & RIKE, INC., Plaintiff,**

v.

**ST. LOUIS AIR CARGO SERVICES, INC. and Haith & Company, Inc., Defendants.**

**Civ. A. Nos. 89–2145–S, 89–2146–S.**

United States District Court, D. Kansas.

Dec. 7, 1989.

Robert J. Harrop, Courtney J. Fuchs, Gage & Tucker, Kansas City, Mo., Stephen A. Murphy, Gage & Tucker, Timothy W. Triplett, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan.,

Larry McMullen, David B. Raymond, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

James F. Duncan, Robert B. Best, Jr., Emily Jane Bailey, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motions of defendants Haith & Company, Inc. ("Haith") and St. Louis Air Cargo Services, Inc. ("St. Louis Air Cargo") to dismiss, or in the alternative, for summary judgment based on the doctrine of collateral estoppel. Because both parties have submitted matters outside of the pleadings for the court's consideration, the court will treat defendants' motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed.R. Civ.P. 12(c). In addition, plaintiff Ellers, Oakley, Chester & Rike, Inc. ("Ellers") has moved for leave to file its first amended complaint to add Harry Rike, President of Ellers, as a party-plaintiff in this case. Defendants have also submitted a motion for sanctions.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere

allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

For purposes of the present motion, the court finds the following facts to have been established. On March 23, 1989, Ellers filed a two-count complaint in the present action. The first count alleges a cause of action for breach of contract, based on an Engineering Agreement which Ellers allegedly entered into with Haith and St. Louis Air Cargo on or about April 17, 1987, in connection with the construction of an air cargo facility at St. Louis International Airport. Count II alternatively asserts a quantum meruit claim based on the same project. Also on March 23, 1989, Ellers filed a separate action in this court naming only Haith as a defendant. That lawsuit asserts breach of contract and quantum meruit claims based on an Engineering Agreement which Ellers entered into with Haith on or about April 30, 1986, in connection with the construction of an air cargo facility at Kansas City International Airport. On June 29, 1989, these two lawsuits were consolidated for all purposes by order of this court.

Prior to the commencement of these two actions, on March 1, 1988, Ellers initiated two arbitrations in the American Arbitration Association at Kansas City, Missouri in connection with the aforementioned contracts. Haith and St. Louis Air Cargo brought an action in the Circuit Court of Jackson County, Missouri to enjoin the arbitration proceedings. On March 18, 1988, the Missouri Circuit Court stayed the arbitration proceedings because the court found that there were no valid agreements to arbitrate pursuant to Mo.Rev.Stat. § 435.355(2). Subsequently, the Missouri Circuit Court held the contracts, including the arbitration provisions they contained, unenforceable because Ellers failed to properly register and become authorized to render professional engineering services in Missouri. The Circuit Court ultimately permanently stayed and enjoined Ellers from pursuing arbitrations based on its holding that both contracts were illegally entered into and consequently unenforceable by Ellers under Missouri law. On October 17, 1989, the Circuit Court's holding that Ellers' contracts with defendants are unenforceable was affirmed by the Missouri Court of Appeals. The appellate court expressly did not reach the issue of whether Ellers "has some other remedy to recover payment for its engineering services, such as an action in quantum meruit.... " *Haith & Co., Inc. and St. Louis Air Cargo Services, Inc. v. Ellers, Oakley, Chester & Rike, Inc.,* 778 S.W.2d 417, 422 (Mo.Ct.App.1989).

## I. *Collateral Estoppel and Plaintiff's Breach of Contract Claim*

■ Section 1738 of Title 28 of the United States Code provides, in pertinent part, that "judicial proceedings ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. Under the full faith and credit statute, 28 U.S.C. § 1738, federal courts are bound to give the same preclusive effect to a state court judgment as that judgment would have in the courts of that state. *Carter v. City of Emporia,* 815 F.2d 617, 619 (10th Cir.1987) (citations omitted). In determining the effect of the Missouri judgment on Ellers' breach of contract claims in this consolidated action, the court must apply Missouri rules concerning issue preclusion. *See Kiowa Tribe of Oklahoma v. Lewis,* 777 F.2d 587, 590 (10th Cir.1985), *cert. denied,* 479 U.S. 872, 107 S.Ct. 247, 93 L.Ed.2d 171 (1986).

The elements of the issue preclusion doctrine have been set out by the Missouri Supreme Court as follows:

> The court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.... Most courts have added a fourth factor ... whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Oates v. Safeco Ins. Co.,* 583 S.W.2d 713, 719 (Mo. en banc 1979). In this case, the court finds that the Missouri action resulted in a judgment on the merits of the identical issue raised here (i.e., the enforceability of Ellers' contracts); moreover, strict mutuality is present and Ellers seems to have had a full and fair opportunity to litigate the question of the enforceability of its contracts in the Missouri courts. Thus, the court finds that Ellers' breach of contract claims in the present consolidated action are barred by the doctrine of issue preclusion. The court will thus grant defendants' motion for summary judgment on Ellers' breach of contract claims.

## II.  Plaintiff's Quantum Meruit Claim

■ The court, however, finds that issue preclusion does not bar Ellers' quantum meruit claim, because this issue was not litigated and no judgment on the merits of this issue was rendered in Missouri state court. *Burton v. State,* 726 S.W.2d 497, 499 (Mo.Ct.App.1987) (stating that collateral estoppel reaches only those issues which were "necessarily and unambiguously decided"). As this matter is before this court on summary judgment, the court must therefore consider whether such a claim would be barred under Missouri law.[1]

■ The court finds that no Missouri decision conclusively resolves the issue of whether a recovery in quantum meruit is available to one who renders professional engineering services without being registered in Missouri as required by Mo.Rev. Stat. § 327.191. In addressing the issue of the enforceability of Ellers' contracts, the Missouri Circuit Court, finding no authority directly on point, analogized to the licensing statute and decisions involving real estate agents and brokers, notably, *Sandbothe v. Williams,* 552 S.W.2d 251 (Mo.Ct. App.1977) (holding that an unlicensed real estate broker was precluded from recovering for his services in quantum meruit). The Missouri Circuit Court cited *Sandbothe* in reaching its holding that Ellers was barred from enforcing its contracts, stating, *in dictum:*

> This Court believes that the fact that *Sandbothe* was an action in quantum meruit instead of contract strengthens the instant decision; the appellate court found the difference "of no consequence," [*Sandbothe,* 552 S.W.2d] at 254, relying instead on the strong public policy against rewarding illegal activity.

*Haith & Co., Inc. and St. Louis Air Cargo Services, Inc. v. Ellers, Oakley, Chester & Rike, Inc.,* No. CV88–7266, slip op. at 7 (Mo.Cir.Ct. Mar. 8, 1989). The appellate court expressly declined to consider the issue of whether Ellers could recover the value of its services in quantum meruit.

In examining this issue, the court finds that a significant difference in statutory language between the professional engineering statute at issue here and the licens-

---

1. In rejecting Ellers' suggestion that the court should apply Kansas law to the question before it, the court makes the following brief observations. First, in this diversity action, Kansas choice of law rules apply. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Second, under the traditional approach to choice of law followed by Kansas courts, Missouri law would apply to this action, because this action involves contracts for services to be performed in Missouri. *Alexander v. Barker,* 64 Kan. 396, 67 P. 829 (1902). *See also Peebles v. Murray,* 411 F.Supp. 1174, 1180 n. 6 (D.Kan.1976) (place of making contract irrelevant to where a cause of action for breach arises; place of breach controls under Kansas law).

ing statute for real estate brokers precludes the court from relying upon decisions denying quantum meruit recovery to real estate brokers. Section 339.160 of the Missouri Revised Statutes, relating to licensing of real estate brokers provides that:

> "no person, co-partnership, corporation or association engaged in this state in the business or acting in the capacity of a real estate broker or real estate salesman *shall bring or maintain an action in any court in this state for the recovery of compensation for services rendered* ... without alleging and proving that such person ... was a licensed real estate broker or salesman at the time when the alleged cause of action arose."

Mo.Rev.Stat. § 339.160 (emphasis added). In contrast, the engineering statute at issue here is narrower, providing, in relevant part:

> Every contract for ... engineering ... services entered into by any person who is not a ... registered or authorized professional engineer ... shall be unenforceable by the unregistered or unauthorized ... professional engineer.

Mo.Rev.Stat. § 327.461. Thus, the statute does not by its express terms preclude an unregistered engineer from recovering in quantum meruit; it only precludes them from maintaining an action based upon the contract.

Moreover, the court does not find that the admittedly strong public policy behind Missouri's professional engineering licensing statute necessarily bars Ellers' recovery in this instance. The court notes that Missouri courts have on occasion allowed recovery of the reasonable value of services despite the illegality of the underlying contract. *See King v. Moorehead,* 495 S.W.2d 65, 79 (Mo.Ct.App.1973) (allowing a landlord to recover the reasonable value of the premises during the tenant's occupancy notwithstanding the illegality of the rental contract in question).

The purpose of the licensing statute in this case is to protect the public. *See Duncan v. Missouri Bd. of Architects, Prof. Engineers & Land Surveyors,* 744 S.W.2d

524, 531 (Mo.Ct.App.1988). This purpose would arguably not be frustrated by allowing Ellers a quantum meruit recovery. Ellers' engineers were in fact personally licensed to practice engineering in Missouri and affixed their respective Missouri seals to the plans and specifications which they prepared, thus accepting personal and professional responsibility for those plans and specifications in accordance with Mo.Rev. Stat. § 327.401. Since "the entire thrust of Chapter 327 is to place individual personal and professional responsibility upon a known and identified certificated engineer," *Duncan,* 744 S.W.2d at 538, the primary goal of the statute would appear to have been met in this case, notwithstanding the corporation's failure to obtain its corporate certification, since state registered engineers did, in fact, accept responsibility for the work provided to defendants. Although the corporation was not registered in Missouri at the time of contracting, the corporation has provided professional engineering services for 26 years as a professional corporation and, eight years prior to its incorporation, as a partnership and is currently in compliance with Missouri certification requirements. Because the statute does not expressly preclude Ellers' recovery in quantum meruit and because allowing such recovery does not appear in this case to frustrate the purpose behind the licensing requirement, the court will not grant summary judgment with regard to these claims.

### III. Plaintiff's Motion to Amend its Complaint

Plaintiff Ellers seeks the leave of this court to amend its complaint to add Harry Rike, President of Ellers, as a party-plaintiff. Ellers also seeks to add a third count to its complaint, which would assert a quantum meruit claim on behalf of Mr. Rike individually. Despite the generally liberal attitude toward pleading asserted in Rule 15(a) and Rule 20 of the Federal Rules of Civil Procedure, the court finds that it cannot grant Ellers leave to amend its complaint in the manner suggested because the quantum meruit cause of action belongs to the corporation, Ellers, and cannot be as-

serted by Rike as an individual. *Caldwell v. Eubanks,* 326 Mo. 185, 30 S.W.2d 976, 978 (1930). *See DeBoer Constr., Inc. v. Reliance Ins. Co.,* 540 F.2d 486, 496 (10th Cir.1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *Kansas City, Missouri v. Schifman Sales, Inc.,* 421 S.W.2d 535, 539 (Mo.Ct.App.1967). The corporation is the real party in interest with regard to any recovery in this case for services performed. Fed.R.Civ.P. 17(a). The court finds plaintiff's arguments to the contrary to be without merit; thus, plaintiff will not be granted leave to amend its complaint to add Rike as a party-plaintiff in this consolidated action.

### IV. *Defendants' Motion for Sanctions*

Defendants have asked the court to award them costs and attorneys' fees against plaintiff. In moving for sanctions, defendants assert that by filing the above-captioned actions in this court, in light of the Missouri Circuit Court decision finding the contract to be unenforceable, plaintiff's have violated Rule 11 of the Federal Rules of Civil Procedure and D.Kan. 110. Rule 11 provides that, by signing a pleading, an attorney or party certifies that the pleading is "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose...." The court declines to award Rule 11 sanctions based upon the filing of the present action, because such filing arguably could have been based upon a good faith argument for modification of the Missouri Circuit Court's ruling. Thus, defendants' motion for Rule 11 sanctions will be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to amend its complaint is denied.

IT IS FURTHER ORDERED that defendants' motion for sanctions is also denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss, or for summary judgment is granted in part and denied in part, as consistent with the above opinion, pursuant to Fed.R.Civ.P. 56.