Argued and submitted February 13, reversed and remanded May 15, 1991

# Larry RHORER,
*Appellant,*

*v.*

# Michael L. VICKERS,
*Respondent.*

## (C900150CZ; CA A65013)

810 P2d 1341

Paul R. Duden, Portland, argued the cause for appellant. With him on the briefs were Bryan P. Murphy and Tooze, Shenker, Holloway & Duden, Portland.

Randall W. Cook, Salem, argued the cause for respondent. With him on the brief was Harland, Ritter, Saalfeld, Griggs, Gorsuch & Alexander, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff brought this action to foreclose a construction lien against defendant's property. The trial court granted defendant's motion for summary judgment. We reverse.

Defendant wanted to have his yard landscaped. He sought bids from several landscape contractors and was discouraged by how high the bids were. Defendant's wife worked as a receptionist for a physician, Dr. Thomas. She suggested to defendant that plaintiff, who was employed as a handyman for Thomas, might be able to assist with the landscaping project. Plaintiff's affidavit states that his duties for Thomas included painting, yard and maintenance work around Thomas' home, rental properties and office, in addition to farming and cutting trees on some land owned by Thomas. He also cultivated flowers for entry into shows and fairs. Plaintiff did not seek work other than his employment with Thomas, except occasionally for friends of Thomas as a favor to him.

Defendant and plaintiff agreed that plaintiff would work on an hourly basis and would be reimbursed for any supplies that he bought at defendant's direction. Plaintiff did not submit any estimate, bid or plans for his work on defendant's property. Defendant developed all of the plans for his landscaping project. He instructed plaintiff when to perform the work, what he was to do, how he was to do it and what materials to use. Plaintiff worked on defendant's yard for a month. He billed defendant $1,869.73 for his work and for the supplies that he purchased. Defendant refused to pay. Plaintiff filed a construction lien on defendant's property and then sought to foreclose the lien. The trial court granted defendant's motion for summary judgment on the ground that plaintiff's claim for compensation was barred under ORS 671.625, because he had performed landscaping work without a written contract.

ORS 671.625 provides that a landscaping business may not enforce an oral contract.[1] A "landscaping business"

---

[1] ORS 671.625 provides, in pertinent part:

"(2) Work by a *landscaping business* subject to ORS 671.510 to ORS 671.710 shall only be performed subject to a written contract. * * *

"(3) A contract that does not substantially comply with this section may not

is defined as "any business that offers the services of a landscape contractor for compensation." ORS 671.520(3). "Landscape contractor" is defined in ORS 671.520(2) as

"any person who engages for compensation in activities requiring the art, ability, experience, knowledge, science and skill to:

"(a)   Plan and install lawns, shrubs, vines, trees and other decorative vegetation including the grading and preparation of plots and areas of land and constructing fountains, drainage and irrigation systems for architectural horticulture, decorative treatment and arrangement;

"(b)   Plan and install fences, decks, walkways and retaining walls; or

"(c)   Do any part or any combination of any activity described in paragraphs (a) and (b) of this subsection."

Plaintiff argues that ORS 671.520 does not apply to him, because he is neither a "landscaping business" nor a "landscaping contractor." Defendant argues that, once plaintiff engaged in landscaping activities, as defined in ORS 671.520(2), he was subject to the statutory scheme and its written contract requirement.

Defendant's contention that *all* persons who do any type of landscape work are "landscape contractors" under the law is the same proposition that we recently rejected in *Valley Excavating Inc. v. Clark,* 107 Or App 42, 810 P2d 869 (1991). In that case, we acknowledged that the definition of a "landscape contractor" was broad, observing that, "[i]f that language is taken literally, any person who lifts a shovel of soil for compensation preparatory to planting decorative vegetation is a landscape contractor." 107 Or App at 46. Under the facts of that case, we concluded that a literal reading would be inconsistent with other provisions of the law and with the legislative purpose to protect unwary consumers from misrepresentations by individuals claiming to be "landscapers."

The threshold requirement of the statute is that the person providing the services be a "landscaping business." Plaintiff is not engaged in the "business" of landscaping. He is and has been a handyman. He does not seek work outside

be enforced by a landscaping business in any court or other proceedings within this state." (Emphasis supplied.)

the employment of Thomas, as a general rule, and does not pursue landscaping contracting on any type of regular or ongoing basis. He did not hold himself out to the public as a landscape contractor, and defendant was not an unwary consumer who reasonably believed otherwise. Plaintiff did not solicit work from defendant. On the contrary, it was defendant who sought out plaintiff in an effort to save money, because he was reluctant to incur the costs of hiring a "real" landscape contractor. Defendant designed and developed all of the plans for his landscaping project. Plaintiff merely worked according to defendant's instructions and directions. His activities did not require any specialized "art, ability, experience, knowledge, science or skill" to "plan and install" defendant's landscaping project. ORS 671.520(2).

Plaintiff is not engaged in the "business" of landscape contracting.[2] Therefore, he is not subject to the written contract requirements of ORS 671.625(2). The trial court erred in concluding otherwise on summary judgment.

Reversed and remanded.

---

[2] Defendant's reliance on *Jehnings v. Allen,* 93 Or App 414, 762 P2d 1037 (1988), is misplaced. In that case, there was no dispute but that Sherwood Forest Nursery was a "landscaping business" subject to the written contract requirements of ORS 671.625(2). Therefore, we concluded that it could not recover compensation for landscaping work performed pursuant to an oral contract. Here, however, whether plaintiff is a "landscaping business" is exactly the issue that the parties are disputing.