**ELLERS, OAKLEY, CHESTER & RIKE, INC., Plaintiff–Counter–Defendant–Appellee,**

v.

**ST. LOUIS AIR CARGO SERVICES, INC.; K.C. Air Cargo Services, Inc., a corporation, Defendants–Counter–Claimants–Appellants,**

**and**

**Haith & Company, Inc.; Haith Airport Facilities, Inc., a corporation, Defendants–Counter–Claimants,**

**State of Missouri, Missouri Board for Architects, Professional Engineers and Land Surveyors, Amici Curiae.**

**No. 92–3038.**

United States Court of Appeals, Tenth Circuit.

Jan. 29, 1993.

---

Timothy W. Triplett and David B. Raymond, of Blackwell Sanders Matheny Weary & Lombardi, Kansas City, MO, for plaintiff-appellee.

Robert B. Best, Jr. and Emily Jane Bailey, of Watson, Ess, Marshall & Enggas, Kansas City, MO, for defendants-appellants.

William L. Webster, Atty. Gen., Curtis F. Thompson, Asst. Atty. Gen., Jefferson City, MO, for amici curiae.

Before SEYMOUR, ANDERSON, and BALDOCK, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

■ Defendants St. Louis Air Cargo Services, Inc., and K.C. Air Cargo Services, Inc., appeal the district court's judgment in favor of Plaintiff Ellers, Oakley, Chester & Rike, Inc., (Ellers, Oakley), on its claims for quantum meruit relief.[1] *Ellers, Oakley, Chester & Rike, Inc. v. Haith & Co.*, 728 F.Supp. 646 (D.Kan.1989). The issue presented on appeal is whether Ellers, Oakley can recover, under a theory of quantum meruit, for engineering services provided Defendants pursuant to contracts which are unenforceable due to Ellers, Oakley's failure to register and obtain a certificate of authority to provide engineering services in the State of Missouri. *See* Mo.Rev. Stat. § 327.461. Reviewing the district court's decision de novo, *see Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990), we hold Ellers, Oakley cannot recover in quantum meruit. We, therefore, reverse the district court's decision.

In 1986, Ellers, Oakley entered into a contract with Defendant Haith & Company, Inc., (Haith) to provide engineering services in connection with the design and construction of an air cargo facility at Kansas City International Airport. Haith has since assigned its rights under that contract to Defendant K.C. Air Cargo Services, Inc. One year later, Ellers, Oakley entered into a contract with Defendant St. Louis Air Cargo Services, Inc., to provide engineering services for the construction of a similar facility at Lambert–St. Louis International Airport. Although the individual engineers providing Defendants with the designs were registered in Missouri, Ellers, Oakley, a professional corporation, was not registered and authorized, under Missouri law, to offer engineering services in the State of Missouri. *See* Mo.Rev.Stat. §§ 327.011(6), 327.191, 327.401.

In late 1987, a dispute developed between the parties concerning the adequacy of Ellers, Oakley's performance under these

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. Appellants' motion for oral argument is therefore denied and the case is ordered submitted without oral argument.

agreements, with Defendants declining to make further payments under either contract. As a result, Ellers, Oakley commenced arbitration proceedings, as required by the terms of the agreements, to collect the compensation remaining to be paid by Defendants under these contracts. Defendants, however, obtained a permanent injunction in a Missouri state court action which prevented Ellers, Oakley from pursuing these arbitration proceedings. *See Haith & Co. v. Ellers, Oakley, Chester & Rike, Inc.,* 778 S.W.2d 417, 418 (Mo.Ct. App.1989). The Missouri trial court determined, in that state action, that these contracts were unenforceable because Ellers, Oakley had "failed to properly register and become authorized to render professional engineering services in Missouri." *Id.* at 419. In affirming that decision in light of Mo.Rev.Stat. § 327.461, *see Haith & Co.,* 778 S.W.2d at 421, the Missouri Court of Appeals expressly declined to address whether Ellers, Oakley could recover, under a quantum meruit theory, for the engineering services it had provided Defendants. *Id.* at 422. ("This court does not consider or pass judgment on whether [Ellers, Oakley] has some other remedy to recover payment for its engineering services, such as an action in quantum meruit, because that issue is beyond the scope of this case.")

Ellers, Oakley then commenced this federal action,[2] seeking to recover compensation for the engineering services it had provided Defendants under theories of breach of contract and quantum meruit. *See Ellers, Oakley,* 728 F.Supp. at 648. Ellers, Oakley sought identical amounts under both theories. With respect to the contract claims, it sought no other relief. Defendants moved for summary judgment, arguing that the earlier Missouri state court litigation precluded Ellers, Oakley from asserting these claims and that Mo.

Rev.Stat. § 327.461 barred Ellers, Oakley's recovery. The district court granted Defendants' summary judgment motion in part, ruling that the prior Missouri action did preclude the breach of contract claims. *Ellers, Oakley,* 728 F.Supp. at 648–49. The district court, however, denied summary judgment on the quantum meruit claims, determining that the Missouri state court decision did not bar these claims, *id.* at 649, and further determining that, while section 327.461 precluded Ellers, Oakley from enforcing its contracts with Defendants, Ellers, Oakley could still seek to recover compensation for its services under a quantum meruit theory. *Ellers, Oakley,* 728 F.Supp. at 649–50.

Following the parties' stipulation to the entry of a final judgment, the district court entered judgments in favor of Ellers, Oakley in the amount of $100,000 against Defendant K.C. Air Cargo Services, Inc., and $175,000 against Defendant St. Louis Air Cargo Services, Inc. Pursuant to the terms of the parties' stipulation, Defendants appeal the district court's order allowing Ellers, Oakley to assert claims for quantum meruit relief.

The Missouri regulatory scheme requires, with several exceptions not pertinent here, that both individuals and corporations obtain certification before providing engineering services in the State of Missouri.[3] Mo.Rev.Stat. §§ 327.011(6), 327.-191, 327.401. The purpose underlying this regulation of the practice of engineering is protection of the public. *See Duncan v. Missouri Bd. for Architects, Professional Eng'rs & Land Surveyors,* 744 S.W.2d 524, 535–36 (Mo.Ct.App.1988). In accord with that purpose, the Missouri legislature has made the unauthorized practice of engineering a misdemeanor. Mo.Rev.Stat. § 327.201. As an additional penalty for the unauthorized practice of engineering, the

---

**2.** Ellers, Oakley actually commenced two separate federal actions against Defendants. The district court consolidated those cases and they remain consolidated for purposes of this appeal.

**3.** Although the services Ellers, Oakley provided Defendants pursuant to their contracts could be characterized as both engineering and architec-

tural services, *see* Mo.Rev.Stat. §§ 327.091, 327.-181, we refer to these services cumulatively as engineering services. The regulatory scheme is the same for both practices. Ellers, Oakley was not certified to provide either architectural or engineering services in Missouri.

Missouri legislature has also determined that

> [e]very contract for architectural or engineering ... services entered into by any person who is not a registered or authorized architect or registered or authorized professional engineer ..., as the case may be, and who is not exempt from the provisions of this chapter, shall be unenforceable by the unregistered or unauthorized architect or professional engineer....

Mo.Rev.Stat. § 327.461.

We agree with the district court that this "statute does' not by its express terms preclude an unregistered engineer from recovering in quantum meruit." *Ellers, Oakley*, 728 F.Supp. at 650. Nonetheless, we disagree with the district court's conclusion that allowing Ellers, Oakley to obtain quantum meruit relief in this case will not frustrate the purpose of that statute. *See id.* Section 327.461 precludes Ellers, Oakley from enforcing these contracts. *See Haith & Co.*, 778 S.W.2d 417. More specifically, this section precludes Ellers, Oakley from recovering its compensation under the contracts. To allow Ellers, Oakley to circumvent section 327.461 by simply changing the label on its claims and thereby recover compensation for its services in quantum meruit would effectively abrogate section 327.461.

■ Ellers, Oakley nevertheless, argues that it is entitled to quantum meruit recovery because, although it lacked the proper certification, the individual engineers providing Defendants with these designs were properly registered under Missouri law. This assertion can be rejected for a number of reasons. First, Chapter 327 clearly requires that the corporation become certified, in addition to the registration of the individual engineers. Mo.Rev.Stat. § 327.-401; *see Haith & Co.*, 778 S.W.2d at 420–21. Further, the Missouri appellate court, in determining that Ellers, Oakley's contracts were unenforceable, rejected this same argument that registration of the individual engineers was sufficient under Chapter 327. *See Haith & Co.*, 778 S.W.2d at 421.

Ellers, Oakley is not merely the alter ego of these individual engineers. Rather, it is a substantial corporation which, at the time it entered into these contracts had, at first one, and then ultimately two, engineers out of twenty who were registered to practice in Missouri. Doubtless it had a significant staff of corporate employees working on these matters. Additionally, at the time that it entered into these contracts, Ellers, Oakley had been incorporated for over a quarter of a century. The fact that Ellers, Oakley made these contracts using its corporate name indicates that it knew what it meant to do business in the corporate form. Ellers, Oakley then, was aware of the requirements of conducting business as a corporation; or, as a matter of law, is presumed to be aware of those requirements. Ignorance of the law (if, in fact, Ellers, Oakley was not knowledgeable) is no excuse.

Far from being a mere technicality, the use of the corporate form confers substantial benefits upon those engineers practicing within a corporation, including, for example, shielding the individual engineers from personal liability for the corporation's debts and obligations. *See generally Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir.), *cert. denied*, 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990). In light of the substantial benefits conferred by doing business under the corporate form and the fact that Ellers, Oakley is a long-standing entity, with multiple employees, that has done business as a corporation for a number of years, it cannot now assert that that form is a mere technicality or matter of convenience that should be disregarded here.

Ellers, Oakley next argues that it is entitled to quantum meruit relief because its failure to obtain a certificate of authority was inadvertent. If inadvertence were a sufficient excuse for failure to obtain certification, all unregistered engineers would have a defense to the application of section 327.461. We do not think the Missouri legislature intended that this statute should be so easily circumvented.

Ellers, Oakley's contracts with Defendants are unenforceable due to its failure to obtain proper certification, *see Haith & Co.*, 778 S.W.2d 417, and, therefore, Ellers, Oakley cannot recover any compensation under those contracts. Likewise, section 327.461 precludes Ellers, Oakley from recovering this same compensation under the label of quantum meruit relief. *See Kansas City Community Ctr. v. Heritage Indus., Inc.*, 972 F.2d 185, 189 (8th Cir.1992); *see also MacLean v. Ozark Mountain Country Mall, Inc. (In re Branson Mall, Inc.)*, 970 F.2d 456, 462 (8th Cir.1992); *Jehnings v. Allison*, 93 Or.App. 414, 762 P.2d 1037, 1037–38 (1988) (en banc).

The decision of the United States District Court for the District of Kansas is, therefore, REVERSED, and the cause is REMANDED to the district court with instructions to enter summary judgment in favor of Defendants.