Argued and submitted April 17, reversed May 22, 1996

J. L. WARD CO.,
an Oregon corporation,
*Petitioner,*

*v.*

LANDSCAPE CONTRACTORS BOARD,
*Respondent.*

(16575; CA A89854)

916 P2d 887

Gerald A. Martin argued the cause for petitioner. With him on the brief was Francis & Martin.

Pamela G. Wood, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Petitioner J. L. Ward Co. seeks review of a final order of the Landscape Contractors Board (Board) imposing a civil penalty for operating a landscaping business without a valid landscaping business license. We reverse.

The facts are not in dispute. Petitioner is a residential development and construction business. It develops subdivisions and builds its own homes in those subdivisions. Each of the homes includes installed sprinklers, lawns, trees and shrubs.

An investigator for the Board visited one of petitioner's subdivision sites in central Oregon and determined that the value of the installed sprinklers, lawns, trees and shrubs exceeded $500, and was probably over $2,000. He submitted to the Board a report relating to 20 of the residences in the subdivision. On the basis of that report, the Board issued a notice of intent to assess a civil penalty for petitioner's operation of a landscaping business without a proper license. After a hearing, the Board concluded that petitioner had operated a landscaping business without a landscaping business license, in violation of ORS 671.530.

■■ On review, petitioner argues that the Board erred, because petitioner is not a landscaping business, and, if it is, it is subject to a statutory exemption from licensing requirements. Because the only issue before us is whether the Board correctly construed "inexact" provisions of the applicable statutes, we review its decision for errors of law. ORS 183.482(8)(a); *England v. Thunderbird*, 315 Or 633, 638, 848 P2d 100 (1993); *Liberty Northwest Ins. Corp. v. Koitzsch*, 135 Or App 524, 526, 899 P2d 724 (1995). In reviewing the Board's interpretation of the statute, we examine the text of the statute, in context, and, if necessary, legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

■ ORS 671.530(3) provides, in pertinent part, that "[n]o person shall operate as a landscaping business in this state without a valid landscaping business license * * *." ORS 671.520(3) defines a "landscaping business" as "any

business that offers the services of a landscape contractor for compensation." ORS 671.520(2), in turn, provides that a "landscape contractor" means, in relevant part:

"[A]ny person who engages for compensation in activities requiring the art, ability, experience, knowledge, science and skill to:

"(a) Plan and install lawns, shrubs, vines, trees and other decorative vegetation including the grading and preparation of plots and areas of land and constructing fountains, drainage and irrigation systems for architectural horticulture, decorative treatment and arrangement."

Petitioner argues that it is not a "landscaping business," because it does not "offer" the services of a landscape contractor to anyone. It installs sprinklers and plants lawns, trees and shrubs *on its own* subdivision lots. It then sells the completed homes to consumers. The fact that those homes already have been landscaped, petitioner argues, does not mean that it is "offering" landscaping services to consumers. The Board disagrees, arguing that petitioner is offering landscaping services, albeit already completed, by including the value of those services in the price of the homes. We agree with petitioner.

■ In construing statutes, we presume that words of common usage were intended to be given their "plain, natural and ordinary meaning." *PGE*, 317 Or at 611. To "offer" ordinarily means

"to present for acceptance or rejection * * * to declare one's readiness or willingness * * * to make available or accessible."

*Webster's Third New International Dictionary* 1566 (unabridged 1976). In no ordinary sense of the word has petitioner "presented for acceptance or rejection" or "declared its willingness" to perform landscaping services. The landscaping services already have been completed; what petitioner "offers" is a house that already has been landscaped.

To construe the statute otherwise would mean that a residential landowner who personally installs a lawn sprinkler system becomes a "landscaping business" the moment that he or she puts the home up for sale and includes the

value of the sprinkler system in the sale price. The Board itself conceded that the foregoing result follows from its construction, and that such a result is not what the legislature intended. The Board asserts that the admittedly absurd result is avoided by applicable exemptions for residential landowners. The Board, however, has not identified any such exemption, and we are aware of none. The statute exempts only federal or state agencies; registered landscape architects; "casual, minor or inconsequential" landscaping that is an "incident of maintenance of grounds" or less than $500 per year; installation of fences, decks and the like by persons registered with the Construction Contractors Board; and "preparation of plots and areas of land in conjunction with new or remodeling construction" when performed by a person or business registered with the Construction Contractors Board. ORS 671.540; *see also* ORS 671.590 (exemption for reciprocal contractor licensing); ORS 701.010 (builder's exemption).

Furthermore, the Board's proposed construction is at odds with its own administrative rules implementing the statute. OAR 808-02-020 establishes minimum standards for landscaping contracts, which are required to be executed before landscaping work is performed. Those contracts must include the address and location of the work "to be performed"; a general description of the work "to be performed"; and an "[e]stimated time for completion and completion date." OAR 808-02-020(1). Clearly, the required contract must describe work that has yet to be completed.

We conclude that the Board erred in imposing a civil penalty against petitioner for operating a "landscape business" without a valid license. Petitioner did not offer the services of a landscape contractor and, therefore, was not a "landscaping business" within the meaning of ORS 671.520(3).

Reversed.