On respondent's petition for reconsideration filed June 5, petition for reconsideration allowed; opinion (141 Or App 181, 916 P2d 887) modified and adhered to as modified; reversed and remanded for reconsideration July 31, 1996

# J. L. WARD CO.,
## an Oregon corporation,
### *Petitioner,*

*v.*

## LANDSCAPE CONTRACTORS BOARD,
### *Respondent.*

## (16575; CA A89854)

921 P2d 416

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Pamela G. Wood, Assistant Attorney General, for petition.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

The Landscape Contractors Board (Board) requests reconsideration of our decision reversing the Board's order imposing a civil penalty on petitioner J. L. Ward Co. for operating a landscaping business without a valid landscaping business license. *J. L. Ward Co. v. Landscape Contractors Board,* 141 Or App 181, 916 P2d 887 (1996). We allow the motion, modify our opinion and adhere to it as modified.

At issue in this case is whether a contractor that constructs and landscapes *its own* homes and then sells the homes *as a completed package* engages in a "landscaping business" within the meaning of ORS 671.520(3), which defines the term as "any business that offers the services of a landscape contractor for compensation." We answered that question in the negative, on the ground that the contractor has not "offered" the services of a "landscape contractor":

> "The landscaping services already have been completed; what petitioner 'offers' is a house that already has been landscaped."

*J. L. Ward Co.,* 141 Or App at 184. We observed that any other interpretation of the statute would make a "landscape business" of any homeowner who includes the value of recent landscaping in the sale price of his or her residence, an absurdity, we noted, with which the Board did not take issue. *Id.*

The Board contends that we "materially erred in regard to the facts." According to the Board, there is evidence that two of the twenty homes that petitioner sold were sold before landscaping was completed and that, under our reading of the statute, at least as to those homes, petitioner offered the services of a landscape contractor. Actually, there is no mention in our opinion one way or the other about the timing of the sales; it was, however, our understanding of the facts, and no one suggested the contrary to us or, so far as we could tell, to the Board either. The Board now refers us to an exhibit, which it contends at least implies that, in one instance, the agreement to purchase occurred before landscaping was completed. The Board also cites to testimony of a

witness that, in a second instance, there was an agreement to purchase before the landscaping was completed. The Board argues that, in those two instances, even under our reading of the statutes, petitioner "offered" the services of a "landscape contractor," because as-yet-uncompleted landscaping was part of the package of services offered to the prospective purchasers.

■ We accept the Board's characterization of the record. We also acknowledge that there is language in our opinion that fairly may be read to suggest that the timing of the completion of the landscaping services is a relevant consideration in determining whether petitioner was a "landscaping business" within the meaning of the statute. On reconsideration, however, we conclude that such timing is of no consequence and write to clarify our opinion in that regard.

The question is what the legislature intended when it defined a "landscape business" as one that "offers the services of a landscape contractor for compensation." ORS 671.520(3). Pertinent to that inquiry is the statutory definition of a "landscape contractor" as

"any person who engages for compensation in activities requiring the art, ability, experience, knowledge, science and skill to:

"(a) Plan and install lawns, shrubs, vines, trees and other decorative vegetation * * *."

ORS 671.520(2).

■ In this case, no one offered landscaping services to the prospective purchasers. Petitioner offered the sale of a house which, when completed, would be painted, plumbed, wired and landscaped. The prospective purchasers had no opportunity to purchase the house without all of those services. Indeed, on the reverse side of the exhibit to which the Board refers us there is a provision stating that "neither party will make any change or deviation from the plans and specifications." As we noted in our original opinion, to "offer" means

"to present for acceptance or rejection * * * to declare one's readiness or willingness * * * to make available or accessible."

*J. L. Ward Co.*, 141 Or App at 184. There is no evidence in the record of this case that petitioner offered for prospective purchasers' acceptance or rejection any landscaping services or declared itself ready or available to perform such services. The record shows only that petitioner offered the sale of a completed house, which included, among many other things, landscaping.

The Board insists that petitioner "offered the services of a landscape contractor" in at least the two aforementioned instances because it offered to sell a house that included newly installed "lawns, shrubs, vines, trees and other decorative vegetation" and included the cost of installation in the price of the home. The problem with the Board's construction—even assuming that the landscaping had not been completed at the time of the agreement to purchase—is that it still leads to the absurd result of making a "landscape contractor" of every residential landowner who does the same thing.[1]

■ It is appropriate to reject a proposed construction that leads to absurd results in favor of a construction that remains faithful to the language of the statute but leads to no such consequence. *State v. Vasquez-Rubio*, 323 Or 275, 282-83, 917 P2d 494 (1996) (absurd results rule "best suited for helping the court to determine which of two or more plausible meanings the legislature intended"). Indeed, we have on several prior occasions rejected similar proposed constructions of the same statute, on the ground that the statute was never intended to apply to any person who plants a shrub and is directly or indirectly compensated for that effort. *See, e.g., Rhorer v. Vickers*, 107 Or App 178, 181, 810 P2d 1341 (1991) (rejecting contention that all persons who do any type of landscape work are "landscape contractors" under ORS 671.520(2)); *Valley Excavating, Inc. v. Clark*, 107 Or App 42,

---

[1] In our original opinion, we noted that the effect of the Board's construction would be to make ordinary residential landowners who include the price of landscaping in their sales prices "landscaping *businesses*." *J. L. Ward Co.*, 141 Or App at 184-85. The Board points out that only a "business" that offers the services of a landscape contractor may be a "landscaping business" within the meaning of the statute. The Board is correct. It is nevertheless true that the Board's construction would necessarily lead to the application of the law regulating "landscape *contractors*" as we have described above, and that result is no less unreasonable.

46, 810 P2d 869 (1991) (rejecting literal application of statutory definition of "landscape contractor" because, under such construction, "any person who lifts a shovel of soil for compensation preparatory to planting decorative vegetation is a landscape contractor"). We do so again for the same reasons.

The Board also expresses concern that, in our original opinion we simply reversed its final order without remanding for reconsideration in the light of our explanation of the proper construction of the statute. The Board is correct.

Petition for reconsideration allowed; opinion modified and adhered to as modified; reversed and remanded for reconsideration.